Kevin A. Lipeles (Bar No. 244 275)
Thomas H. Schelly (Bar No. 217 285)
LIPELES LAW GROUP, APC
880 Apollo Street, Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Fax: (310) 322-2252

Attorneys for Plaintiffs
Justen Lipeles, Kevin Gammon,
Claudia Benitez, Edward Hakobjanyan,
and Marcela Veronica Najera on their own behalf
and on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTEN LIPELES, an individual; KEVIN GAMMON an individual; CLAUDIA BENITEZ an individual; EDWARD HAKOBJANYAN an individual; and MARCELA VERONICA NAJERA an individual; on their own behalf and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>MADONNA LOUISE CICCONE, an individual; LIVE NATION WORLDWIDE, INC.; a Delaware corporation; LIVE NATION MTOURS (USA), INC., a Delaware corporation; FORUM ENTERTAINMENT, LLC DBA KIA FORUM, a Delaware limited liability company; OAK VIEW GROUP, LLC DBA ACRISURE ARENA, a Delaware limited liability company; GOLDEN STATE WARRIORS, LLC, DBA GOLDEN1 CENTER, a California limited liability company; CHASE CENTER, an entity of unknown form; BARCLAY'S | CASE NO.:<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT FOR:**<br><br>1. **BREACH OF WRITTEN CONTRACT;**<br>2. **NEGLIGENT MISREPRESENTATION;**<br>3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>4. **FALSE ADVERTISING;**<br>5. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>6. **NEGLIGENCE PER SE;**<br>7. **PUBLIC NUISANCE;**<br>8. **BATTERY**<br>9. **NEGLIGENCE and**<br>10. **UNFAIR COMPETITION** |

CENTER, an entity of unknown form;
CAPITAL ONE ARENA, an entity of
unknown form; TD GARDEN, an entity of
unknown form; LITTLE CAESAR'S
ARENA, an entity of unknown form;
MADISON SQUARE GARDEN, an entity
of unknown form; WELLS FARGO
ARENA, an entity of unknown form; THE
UNITED CENTER, an entity of unknown
form; PPG PAINTS ARENA, an entity of
unknown form;  ROCKET MORTGAGE
FIELDHOUSE, an entity of unknown
form; XCEL ENERGY CENTER, an entity
of unknown form; CLIMATE PLEDGE
ARENA, an entity of unknown form; T-
MOBILE ARENA, an entity of unknown
form; FOOTPRINT CENTER, an entity of
unknown form;  BALL ARENA, an entity
of unknown form;  AMERICAN
AIRLINES CENTER, an entity of
unknown form; TOYOTA CENTER, an
entity of unknown form; STATE FARM
ARENA, an entity of unknown form;
AMALIE ARENA, an entity of unknown
form; KASEYA CENTER, an entity of
unknown form; MOODY CENTER, an
entity of unknown form; and DOES 1
through 100, inclusive,

Defendants.

**DEMAND FOR A JURY
TRIAL**

All allegations in this Complaint are based upon information and belief ex-
cept for those allegations which pertain to the Plaintiffs named herein and his
counsel.  Each allegation has evidentiary support or is likely to have evidentiary
support after a reasonable opportunity for further investigation and discovery.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Justen Lipeles, Kevin Gammon, Claudia Benitez, Edward Hakobjanyan, and Marcela Veronica Najera ("Plaintiffs") allege the following:

1.      This is a class action brought on behalf of a nationwide class of consumers who were deceived and lulled into purchasing expensive tickets for a concert to be performed by one of the premier performers of the past 40 years. Defendants had advertised, promoted and covenanted that Madonna Louise Ciccone[1] ("Madonna") would appear for a series of concerts beginning at 8:30 p.m. Madonna's Celebration Tour concerts took place at venues throughout the nation, including 4 venues in California; the Kia Forum in Inglewood, Acrisure Arena in Palm Springs, Golden1 Center in Sacramento and the Chase Center in San Francisco.

2.      Madonna and her promoter Live Nation, purposely and deceptively withheld informing ticket purchasers in the marketing of the concerts that: (1) Madonna would not appear at 8:30 as promised, but would instead make fans wait until after 10:00 p.m. or later to start her shows; (2) Madonna would maintain a hot and uncomfortable temperature in each of the venues during her performances; (3) Madonna would lip synch much of her performance; and (4) topless women would perform on stage simulating sexual acts. Defendants should have disclosed this information to consumers before they purchased their tickets. Forcing consumers to wait hours in hot, uncomfortable arenas and subjecting them to pornography without warning is demonstrative of Madonna's flippant disrespect for her fans.

3.      A prime example of Madonna's disrespect to her fans was during a December 17, 2019, performance at the Fillmore, Miami Beach, Florida, where

---

[1] Madonna, an American singer, songwriter, actress and businesswoman, commenced her Celebration Tour on October 14, 2023, visiting cities in North America, Europe and South America. Her first North America concert was December 13, 2023 in Brooklyn, New York, followed by 46 concerts in 25 cities. Over her career, Madonna has generated over 1.4 billion dollars in concert ticket sales.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

she had turned off the venue's air conditioning and her uncomfortable fans chanted:

> "A/C! A/C! AC!... and Madonna, in response, said, "f**k you! I'm cold!... If you're hot, take your f**king clothes off!"[2]

4.      At the December 17th concert, after making her fans listen to pre-recorded music for over two hours in a hot arena, Madonna finally took the stage and made the following admission:

> "I am sorry I am late... no, I am not sorry, it's who I am... I'm always late."

5.      If Madonna was not going to perform as advertised, she should have changed the time on the Celebration Tour tickets from 8:30 p.m. to 10:00 p.m. as she and Live Nation did during the 2019 Madame X Tour, giving consumers reasonable notice of a later start time. Further, Madonna and Defendants should have warned consumers of the pornography that they would be forced to watch during her shows.

6.      Defendants' actions with respect to the concerts at the various arenas constitute not only a breach of contract with Plaintiffs and the Class, but also a wanton exercise in negligent misrepresentation, intentional infliction of emotional distress, negligence, negligence per se, false advertising, violation of the Consumers Legal Remedies Act, a public nuisance and unfair competition.

7.      Plaintiffs seek compensatory, statutory, declaratory, and injunctive relief for himself and all members of the class, to compensate these consumers for their damages and to protect current and future consumers of Defendants from being subjected to similar unlawful actions.

8.      Plaintiffs also bring an action seeking relief for Defendants' violations of California *Business & Professions Code* §§ 17200 *et seq*., including

---

[2] December 17, 2019, Filmore East Miami, Florida.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

full restitution and disgorgement of all compensation retained by Defendants as a result of their unlawful and unfair business practices, as well as injunctive relief.

9.      Plaintiffs also bring an action seeking relief for Defendants' violations of California *Business & Professions Code* §§ 17500 *et seq*., including full restitution and disgorgement of all compensation retained by Defendants as a result of their false advertising, as well as injunctive relief.

**JURISIDICTION AND VENUE**

10.      This Court has jurisdiction over this Complaint under 28 U.S.C § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs, by virtue of the combined purchase prices paid by Plaintiffs and the Class, and the profits reaped by Defendants from their transactions with Plaintiffs and the Class, as a direct and proximate result of the wrongful conduct alleged herein, and by virtue of the injunctive and equitable relief sought. The nationwide class ("Class") consists of citizens and residents of states across the country.[3] Members of the proposed Class are citizens of different states than Defendants. In addition, Defendants maintain their principal place of businesses in California.

11.      This court has personal jurisdiction over Defendants because they are headquartered in California, regularly conduct business in California and have sufficient minimum contacts in California.

12.      Plaintiffs Justen Lipeles, Kevin Gammon, Claudia Benitez, Edward Hakobjanyan, and Marcela Veronica Najera bring this Complaint on his own behalf and on behalf of all persons in the Class as defined in paragraph 27 below. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the underlying transactions, events, acts and omissions complained of herein occurred and affected persons in this judicial district, and Defendants have received substantial compensation from such transactions and

---

[3] If a national class is not certified, Plaintiff reserves the right, in the alternative, to seek class certification of a multi-state class as well as a California-wide sub-class against Defendants.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

business activities in this judicial district, including consumers' purchases of tickets and attendance at concerts in this judicial district. Further, some of the contracts at issue were entered into and/or performed in California.

//

//

**THE PARTIES**

**PLAINTIFF**

13.    At all times relevant hereto, Plaintiffs were and are individuals over age 18

**DEFENDANTS**

14.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Madonna is, and at all times mentioned herein was an individual residing in the State of California and doing business in California under the name "Madonna" on information and belief she has an address of 154 East 81st, New York, New York 10028 ;

15.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Live Nation Worldwide, Inc. ("Live Nation") is, and at all times mentioned herein was a Delaware corporation, with a principal place of business at 9348 Civic Center Drive, Beverly Hills, California 90210. Defendant has been authorized to do business and has been doing business in the County of Los Angeles. Live Nation owns and does business as "Ticketmaster."

16.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Live Nation MTours (USA), Inc. ("MTours") is, and at all times mentioned herein was a Delaware corporation, with a principal place of business at 9348 Civic Center Drive, Beverly Hills, California 90210. Defendant has been authorized to do business and has been doing business in the County of Los Angeles.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

17.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Forum Entertainment, LLC dba Kia Forum ("Kia Forum") is, and at all times mentioned herein was a Delaware limited liability, with a principal place of business at 3900 West Manchester Blvd., Inglewood, California 90305. Defendant has been authorized to do business and has been doing business in the County of Los Angeles.

18.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Oak View Group, LLC dba Acrisure Arena ("Acrisure") is, and at all times mentioned herein was a Delaware limited liability company, with a principal place of business at 11755 Wilshire Blvd., Suite 900, Los Angeles, California 90025.  Defendant has been authorized to do business and has been doing business in the County of Los Angeles.

19.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Golden State Warriors, LLC dba Golden1 Center ("Golden1") is, and at all times mentioned herein was a California limited liability company, with a principal place of business at 1 Warriors Way, San Francisco, California 94158.  Defendant has been authorized to do business and has been doing business in the State of California.

20.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Chase Center ("Chase") is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 500 David J. Stern Walk, Sacramento, California 95814.  Defendant has been authorized to do business and has been doing business in the State of California.

21.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Barclay's Center (Barclay's) is, and at all times mentioned herein was an entity of unknown form, with a principal place of

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

business at 620 Atlantic Ave, Brooklyn, NY 11217.  Defendant has been authorized to do business and has been doing business in the State of New York.

22.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Capital One Center (Capital One) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 601 F St NW, Washington, DC 20004.  Defendant has been authorized to do business and has been doing business in the District of Columbia.

23.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant TD Garden (TD) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 100 Legends Way, Boston, MA 02114.  Defendant has been authorized to do business and has been doing business in the State of Massachusetts.

24.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant TD Garden (TD) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 100 Legends Way, Boston, MA 02114.  Defendant has been authorized to do business and has been doing business in the State of Massachusetts.

25.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Little Caesar's Arena (Little Caesar's) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 2645 Woodward Ave, Detroit, MI 48201.  Defendant has been authorized to do business and has been doing business in the State of Michigan.

26.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Madison Square Garden (MSG) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 4 Pennsylvania Plaza, New York, NY 10001.  Defendant has been authorized to do business and has been doing business in the State of New York.

27.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Wells Fargo Center (Wells Fargo) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 3601 S Broad St, Philadelphia, PA 19148.  Defendant has been authorized to do business and has been doing business in the State of Pennsylvania.

28.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant United Center (United) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 1901 W Madison St, Chicago, IL 60612.  Defendant has been authorized to do business and has been doing business in the State of Illinois.

29.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant PPG Paints Arena (PPG) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 1001 Fifth Ave, Pittsburgh, PA 15219.  Defendant has been authorized to do business and has been doing business in the State of Pennsylvania.

30.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Rocket Mortgage FieldHouse (Rocket) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 1 Center Court, Cleveland, OH 44115.  Defendant has been authorized to do business and has been doing business in the State of  Ohio.

31.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Xcel Energy Center (Xcel) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 199 W Kellogg Blvd, St Paul, MN 55102.  Defendant has been authorized to do business and has been doing business in the State of Minnesota

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

32.     Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Climate Pledge Arena (Climate Pledge) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 334 1st Ave N, Seattle, WA 98109.  Defendant has been authorized to do business and has been doing business in the State of Washington.

33.     Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Climate Pledge Arena (Climate Pledge) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 334 1st Ave N, Seattle, WA 98109.  Defendant has been authorized to do business and has been doing business in the State of Washington.

34.     Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant T-Mobile Arena  (T-Mobile) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 3780 S Las Vegas Blvd, Las Vegas, NV 89109.  Defendant has been authorized to do business and has been doing business in the State of Nevada.

35.     Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Footprint Center  (Footprint) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 201 E Jefferson St, Phoenix, AZ 85004.  Defendant has been authorized to do business and has been doing business in the State of Arizona.

36.     Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Ball Arena (Ball) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 1000 Chopper Cir, Denver, CO 80204.  Defendant has been authorized to do business and has been doing business in the State of Colorado.

37.     Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant American Airlines Center (American Airlines) is, and at all times mentioned herein was an entity of unknown form, with a principal

place of business at 2500 Victory Ave, Dallas, TX 75219.  Defendant has been authorized to do business and has been doing business in the State of Texas

38.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Toyota Sports Center (Toyota ) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 1510 Polk St, Houston, TX 77002.  Defendant has been authorized to do business and has been doing business in the State of Texas.

39.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant State Farm Arena (State Farm) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 1 State Farm Dr, Atlanta, GA 30303.  Defendant has been authorized to do business and has been doing business in the State of Georgia.

40.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Amalie Arena (Amalie) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 401 Channelside Dr, Tampa, FL 33602.  Defendant has been authorized to do business and has been doing business in the State of Florida.

41.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Kaseya Center (Kaseya) is, and at all times mentioned herein was an entity of unknown form, with a principal place of business at 601 Biscayne Blvd, Miami, FL 33132.  Defendant has been authorized to do business and has been doing business in the State of Florida.

42.    Plaintiffs are informed and believe, and based on that information and belief, allege, Defendant Moody Center (Moody) (collectively with Madonna, Live Nation, MTours, Kia Forum, Acrisure, Golden1, Chase, Barclay, Capital One, TD, Little Caesar's, MSG, Wells Fargo, United, PPG, Rocket, Xcel, Climate Pledge, T-Mobile, Footprint, Ball, American Airlines, Toyota, State Farm, Amalie, and Kaseya, "Defendants") is, and at all times mentioned herein

was an entity of unknown form, with a principal place of business 2001 Robert Dedman Dr, Austin, TX 78712.  Defendant has been authorized to do business and has been doing business in the State of Texas.

43.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff.  Plaintiff will seek leave to amend his Complaint to allege the true names and capacities of DOES 1 through 100, inclusive, when they are ascertained.

44.     Plaintiffs are informed and believe, and based on that information and belief allege, that Defendant DOES 1 through 100 are persons, corporations or other entities which reside in or are authorized to do, or are otherwise doing, business in the State of California. Specifically, DOES 1 through 100 maintain offices, operate businesses, employ persons, and conduct business in the County of Los Angeles. Each of the Defendants DOES 1 through 100 was the managerial agent, employee, predecessor, successor, joint-venturers, co-conspirator, alter ego and/or representative of one or more of the other Defendants named herein, and acting with permission, authorization, and/or ratification and consent of the other Defendants.

45.     Plaintiffs are informed and believe, and based on that information and belief allege, that the Defendants named in this Complaint, including DOES 1 through 100, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

46.     Plaintiffs are informed and believe, and based on that information and belief allege, that Defendants named in this Complaint, including DOES 1 through 100, inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees of each of the other Defendants and that each Defendant was acting within the course and scope of his, hers or its authority as

the agent, servant and/or employee of each of the other Defendants. Consequently, all of the Defendants are jointly and severally liable to the Plaintiff, and the Class, for the damages sustained as a proximate result of their conduct.

47.   Plaintiffs are informed and believe, and based on that information and belief allege, that the Defendants named in this Complaint, including DOES 1 through 100, inclusive, knowingly and willfully acted in concert, conspired and agreed together among themselves and entered into a combination and systemized campaign of activity to *inter alia* damage Plaintiff, and the Class, and to otherwise consciously and/or recklessly act in derogation of the rights of Plaintiff and the Class, and the trust reposed by Plaintiff, and the Class, in each of the Defendants, the acts being negligently and/or intentionally inflicted.  Their conspiracy, and Defendants' concerted actions, were such that, to Plaintiff's information and belief, and to all appearances, Defendants, and each of them, represented a unified body so that the actions of one Defendant were accomplished in concert with, and with the knowledge, ratification, authorization and approval of each of the other Defendants.

## CLASS ALLEGATIONS

### A. The Definition of the Class

48.   Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification. Plaintiff seeks to represent a class and/or subclasses composed of and defined as follows:

Subclass 1 ("The Negligence Subclass")

"All individuals, throughout the United States who purchased a ticket or tickets or who became a ticketholder to a concert that was to have been performed by Madonna, as part of the Celebration Tour,

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

and were forced to view, without prior warning, topless women performing on stage simulating sexual acts."

Subclass 2 (The Heat Subclass")

"All individuals, throughout the United States, who purchased a ticket or tickets or who became a ticketholder to a concert that was to have been performed by Madonna, as part of the Celebration Tour, and were subject to a hot and uncomfortable temperature in any of the venues during her performances."

Plaintiff reserves his right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

**B. Maintenance of the Action**

49.    Plaintiff brings this action individually and on behalf of himself and as representative of all similarly situated persons under Federal Rule of Civil Procedure §§ 23(a) and 23 (b)(1), 23 (b)(2) and 23 (b)(3).

**C. The Class Requisites**

50.    At all material times, Plaintiff was a member of the Class.

51.    The Class action meets the statutory prerequisites for maintaining a class action under Federal Rule of Civil Procedure §§ 23(a) and 23 (b)(1), 23 (b)(2) and 23 (b)(3) in that:

(a)    The persons who comprise the Class are so numerous that the joinder of all those persons is impracticable and the disposition of their claims as a Class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the Class and will apply uniformly to every Class member;

(c)    The claims of the representative Plaintiff are typical of the claims of each Class member.  Plaintiff, like all Class members,

has sustained damages arising from Defendants' violations of the laws of the State of California.  Plaintiff, and the Class members, were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by the Defendants;

(d)    The representative Plaintiff has, and will continue to, fairly and adequately represent and protect the interests of the Class and has retained counsel who are competent and experienced in class action litigation.  There are no material conflicts between the claims of the representative Plaintiff and the Class members that would make class certification inappropriate.  Counsel for the Class will vigorously assert the claims of all Class members.

52.    The persons who comprise the Class are so numerous that joining all of them is impracticable, and jointly adjudicating their claims will benefit the parties and the Court.  Plaintiff's claims are typical of the claims of the Class that Plaintiff seeks to represent.  Plaintiff will fairly and adequately protect the interests of the Class he seeks to represent.  Plaintiff does not have any interests that are antagonistic to the Class he seeks to represent.  Counsel for Plaintiff are experienced, qualified and generally able to conduct complex class action litigation.

53.    The Court should permit the action to be maintained as a class action under Federal Rule of Civil Procedure §§ 23(a) and 23 (b)(1), 23 (b)(2) and 23 (b)(3) because:

(a)    The questions of law and fact common to the Class predominate over any question affecting only individual members:

(b)    A class action is superior to any other available method for fairly and efficiently adjudicating the claims of the Class;

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

(c)  The Class members are so numerous that it is impractical to bring all of them before the Court;

(d)  Plaintiff and other Class members will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)  There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the Class members;

(f)  Without Class certification, the prosecution of separate actions by individual Cass members would create a risk of:

    i.  Inconsistent or varying adjudications for individual Class members that would establish incompatible standards of conduct for Defendants; and/or,

    ii.  Adjudication for individual Class members that would, as a practical matter, dispose of other non-party members' interests, or that would substantially impair or impede the non-parties' ability to protect their interests, by, for example, potentially exhausting the funds available from Defendants, and

(g)  Defendants have acted or refused to act on grounds generally applicable to the Classes, making final injunctive relief appropriate for the Class, as a whole.

54.  Plaintiff contemplates eventually issuing notice to the proposed Class Members that would set forth the subject and nature of the action.  The Defendants' own business records may be utilized for assisting to prepare and

issue the contemplated notice. To the extent that any further notices may be required, Plaintiff would contemplate using additional media and/or mailing.

## GENERAL ALLEGATIONS

## AS TO PLAINTIFF JUSTEN LIPELES

55. On or about March 6, 2024, Plaintiff purchased for valuable consideration in the amount of $500.00 per ticket, 4 tickets to attend a musical performance by Defendant Madonna, during her Celebration Tour at the Kia Forum on March 7, 2024.

56. Plaintiff was directed to obtain the e-tickets from Defendant Live Nation, which, for purpose the Celebration Tour, acted as a promoter, manager and agent for Defendant Madonna.

57. The terms and conditions printed on the face of the tickets stated that the musical performance by Defendant Madonna was to occur on March 7, 2024, at the Kia Forum, in Inglewood, California, commencing at 8:30 p.m.

58. The concert for the Celebration Tour that took place at the Kia Forum on March 7, 2024, started after 10:00 p.m., rather than at 8:30 p.m.

59. Plaintiff arrived before 8:30 p.m. at the venue as was indicated on his e-ticket.

60. Defendants did not provide any notice to Plaintiff that the concert will start at a later time.

61. The temperature inside the Kia Forum was uncomfortably hot as required by Madonna who refused to allow the air conditioning to be turned on. Plaintiff and members of the Class were profusely sweating and became physically ill as a result of the heat. When fans complained about the heat, Madonna unreasonably told them to take their clothes off.

62. Further, during most of the performance it was apparent to Plaintiff that Madonna was lip synching.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

63.    During the performance, without any warning, Defendant Madonna brought on topless dancers who simulated sexual acts. Plaintiff and his 11-year-old sister that he had brought to the concert were forced to watch the topless dancers on stage simulating sexual acts. Plaintiff felt like Madonna forced him and his sister to watch a pornographic film being made.

### AS TO ALL PLAINTIFFS

64.    Plaintiff's and Class members' tickets were purchased from Defendant Madonna, who by contract, employs Live Nation to arrange on her behalf ticket sales through various websites, outlets and ticket agencies. The Plaintiff and members of the Class purchased their tickets in reliance on Defendants' advertisements for concerts starting at 8:30 p.m. and Defendants' websites also confirmed that start time. Accordingly, Plaintiffs and Class members made the decision to purchase their tickets in part, based on the start time of the concerts. Further, the terms printed on the face of the tickets stated that the musical performance by Madonna was to occur on a certain date and at a certain time. Defendants' representation regarding the start time of the concerts was material to Plaintiff's and Class members' agreements to purchase the tickets.

65.    Madonna has a long history of arriving and starting her concerts late, sometimes several hours late. This history occurred throughout her 2016 Rebel Heart Tour, her 2019-2020 Madame X Tour, and prior tours, where Madonna continuously started her concerts over two hours late. In addition, Madonna was more than one- and one-half hours late starting her Celebration Tour concerts in 2024. There have been myriad articles in the media and on the internet over the years about fans complaining about Madonna not taking the stage for several hours after the advertised start time of her concerts. Unfortunately, not all people who rely on advertising for the concerts know this. Further, even if some ticket purchasers know of Madonna's history of starting her concerts late, they do not

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

know *how late* she will show-up on stage at any particular concert, so ticket purchasers arrived at the start time as advertised.

66.    The subject concerts that took place at venues throughout the nation ("Concerts") during Madonna's Celebration Tour started late. Further, the venues were all hot and uncomfortable, presumably at the direction of Madonna (who has a history of requiring a hot, uncomfortable temperature during her concerts). Further, on information and belief, Madonna engaged in lip synching during the Concerts at the venues. Lastly, topless women performed on stage simulating sexual acts at all of the Concerts.

67.    Defendants failed to provide any notice to the ticketholders that the Concerts would start much later than the start time printed on the ticket and as advertised, which resulted in ticketholders waiting for hours in the scorching heat for the concerts to begin at the various venues.

68.    Further, ticketholders were uncomfortably hot due to Madonna's requirement that the venues not turn on air conditioning (which was made worse due to Madonna's failure to take the stage for over one- and one-half hours or more).

69.    Ticketholders were also not apprised that Madonna would lip synch some of her songs.

70.    Ticketholders were not given any warning that there would be nudity and pornography on stage during Madonna's concerts in the form of topless women who were engaging in simulated sexual acts.

71.    Defendants engaged in unconscionable, unfair, unlawful, deceptive business practices by advertising and offering to the public concerts that were promised to begin at 8:30 p.m., when they knew, or should have known, that Madonna would most certainly not take the stage at the advertised start time. These unconscionable unfair, unlawful, deceptive business practices also include failing to warn purchasers of the uncomfortable temperature inside the venues,

that Madonna would not perform all of the music live and that topless women performing lewd, simulated sexual acts would be on stage during the Concerts.

72.    On May 29, 2024, Plaintiff, pursuant to Civil Code §1782, sent Defendants letters notifying them of particular violations of Civil Code §1770. Upon the expiration of the statutory time periods, Plaintiff will amend this Complaint accordingly and include additional causes of action as legally permitted.

## FIRST CAUSE OF ACTION
## BREACH OF WRITTEN CONTRACT
**(By Plaintiffs Against Defendants Madonna, Live Nation and MTours and Does 1-100)**

73.    Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

74.    Plaintiff and Class members entered into a valid and enforceable written contract with Defendants, Live Nation, Madonna and MTours, in which Defendants offered tickets for concerts that were promised to begin at 8:30 p.m., the terms of which, Plaintiff and Class members accepted by virtue of their purchases of such offered tickets, and which promises were contained in printed representations on tickets sold for valuable consideration.

75.    Plaintiff and members of the Class fully performed under the Contract by paying valuable consideration to Defendants Live Nation, MTours and Madonna.

76.    Additionally, Defendants failed to provide any notice that the concerts would not begin at 8:30 p.m., but will instead begin after 10:00 p.m. or later.

77.    Further, Live Nation, MTours and Madonna breached their contract with Plaintiff and Class members by: (1) failing to provide a comfortable concert environment by refusing to turn on the air conditioning at the venues at

Madonna's request; (2) allowing Madonna to lip synch through some of her performance; and (3) allowing topless women to perform simulated sexual acts on stage without prior warning.

78.    As a direct and proximate result of Defendants' breach, Plaintiff and Class members have been damaged in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

### (By Plaintiffs Against all Defendants and Does 1 through 100)

79.    Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

80.    Defendants, through various advertising campaigns, made the following representation to Plaintiff and Class members: that they were buying tickets to concerts that would start at 8:30 p.m.

81.    Additionally, Defendants failed to make representations (or omitted representing) that: 1) the temperature in the venues would be uncomfortably hot; 2) Madonna would not perform her songs live and would instead lip synch; and 3) topless women would perform simulated sexual acts on stage during the Concerts. Defendants' omissions were made with intent to induce Plaintiff and Class members to rely on those omissions.

82.    The omissions were material given Plaintiff and Class members' reasonable expectation of a comfortable temperature inside the venues and a live performance without nudity. Defendants' affirmative concealments alleged herein were material in that there was a substantial likelihood that reasonable prospective ticket purchasers would have considered them important in deciding whether or not to attend Madonna's Celebration Tour Concerts.

83.    Defendants owed a duty of reasonable care to provide Plaintiff and members of the Class with Concerts that began at 8:30 p.m., venues that had

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

comfortable temperatures, Madonna's live performances and warning of nudity and pornography.

84.     Defendants' representations and/or omissions were made for the purpose of inducing Plaintiff and members of the Class to purchase concert tickets to Madonna's Celebration tour.

85.     As a result of the negligent representations and omissions, Plaintiff and Class members were induced into purchasing tickets to the Concerts.

86.     Plaintiff and Class members reasonably relied on Defendants' representations and omissions relating to the Concerts.

87.     Defendants' representations were false and Defendants knew or should have known that the representations were false.

88.     As a result of Defendants' negligent misrepresentations and omissions, Plaintiff and members of the Class have suffered actual and consequential damages, according to proof at trial.

## THIRD CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (By Plaintiffs Against all Defendants and Does 1 through 100)

89.     Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

90.     Plaintiffs are informed and believe, and thereon allege, that Defendants' actions were intentional, extreme, and outrageous.

91.     Plaintiff is further informed and believes, and thereon alleges, that such actions were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing Plaintiff and Class members' serious emotional distress.

92.     As a direct, legal and proximate result of Defendants' actions, Plaintiff and Class members suffered severe emotional distress which might have

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

caused them to sustain severe, serious and permanent injuries to their person, all to their damage in a sum to be shown according to proof.

93.     As a direct, legal and proximate result of Defendants' aforesaid actions, Plaintiff and members of the Class may be compelled to employ the services of hospitals, physicians and surgeons, nurses, and the like, to care for and treat them, and may incur future hospital, medical, professional and incidental expenses, all to Plaintiff and Class members' damage in a sum to be shown according to proof.

94.     As a direct, legal and proximate result of the aforesaid tortious conduct of Defendants, Plaintiff and Class members may be prevented from engaging in their usual occupations, thereby sustaining a loss of income, in an amount according to proof.

95.     Defendants, and each of them, committed the acts herein alleged maliciously fraudulently, and oppressively, and with reckless disregard for Plaintiff and Class members' rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner, entitling Plaintiff and Class members to recover punitive damages from the Defendants in an amount sufficient to deter such conduct in the future and according to proof.

## FOURTH CAUSE OF ACTION
## FALSE ADVERTISING

**(Business & Professions Code §§ 17500 *et seq*. by Plaintiffs Against all Defendants and Does 1 through 100)**

96.     Plaintiffs and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

97.     Defendants advertise and promote Madonna's concerts. Defendants are advertising concerts in a manner that by its very nature is deceptive, untrue or misleading within the meaning of 15 U.S.C. § 1125 *et seq*. because the statements

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

contained on the tickets concerning start times are misleading and likely to deceive, and continue to deceive, members of the putative Class and the general public.

98.    Defendants' representations and omissions were materially false and misleading and likely to deceive the consuming public because Defendants knew and failed to disclose that: 1) Madonna would, or would most likely, start the Concerts late and that she has a consistent history over many years of starting her concerts over one and one half or more hours late; 2) the temperature inside the venues would be uncomfortably hot as required by Madonna, 3) that Madonna would be lip synching through some of her performance; and 4) that topless women would be simulating sexual acts on stage during Madonna's performance.

99.    In making and disseminating the statements and/or omissions alleged herein, Defendants knew or should have known that the statements were untrue or misleading, and Defendants acted in violation of 15 U.S.C. § 1125 *et seq*.

100.    The misrepresentations and non-disclosures by Defendants of the material facts detailed above constitute false and misleading advertising and therefore constitute a violation of 15 U.S.C. § 1125 .

101.    The representations and omissions were committed for various Madonna concerts throughout the United States over many years sufficiently to be considered a regular business practice.

102.    Through their deceptive acts and practices, Defendants have improperly and illegally obtained money from Plaintiffs and members of the Class. As such. Plaintiffs request that this Court cause Defendants to restore this money to Plaintiffs and members of the Class, and to enjoin Defendants from continuing to violate 15 U.S.C. § 1125 as discussed above. Otherwise, Plaintiffs and those similarly situated will continue to be harmed by Defendants' false and/or misleading advertising.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

103.   Plaintiffs and members of the Class seek an order requiring Defendants to disclose the true nature of their misrepresentations and non-disclosures. Plaintiffs and Class members request an order requiring Defendants to disgorge their ill-gotten gains and/or award restitution of all monies wrongfully acquired by Defendants by means of such acts of false advertising plus interest and attorneys' fees to restore any and all monies which were acquired and obtained by means of such untrue and misleading advertising, misrepresentations and omissions, and which ill-gotten gains are still retained by Defendants.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (By Plaintiffs Against all Defendants and Does 1 through 100)

104.   Plaintiffs and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

105.   Defendants owed Plaintiffs and the Class a duty of care not to permit the above-described actions, including but not limited excessive heat, pornographic imagery, and being forced to wait for extended periods of time for no valid reason.

106.   Plaintiffs and Class expended considerable sums of money to experience what was expected to be high quality entertainment, and instead they were subjected to offensive treatment as described above.

107.   Defendants knew, or should have known, that their failure to exercise due care in their actions would cause Plaintiffs and the Class severe emotional distress.

108.   As a direct, legal and proximate result of Defendants' actions, Plaintiffs and the Class suffered severe emotional distress which caused or might have caused them to sustain severe, serious and permanent injuries to their person, all to their damage in a sum to be shown according to proof.

109.    As a direct, legal and proximate result of Defendants' actions, Plaintiffs and the Class were or might be compelled to employ the services of hospitals, physicians and surgeons, nurses, and the like, to care for and treat them, and may incur future hospital, medical, professional and incidental expenses, all to their damage in a sum to be shown according to proof.

## SIXTH CAUSE OF ACTION

## NEGLIGENCE PER SE

**(California Zoning Ordinance § 12.70(17), Inglewood City Ordinance §12-94.2, California Department of Alcoholic Beverage Control Rules 143.2(3) ad (4), 143.3 (1) and (2), and similar statutes in Brooklyn, New York; Washington D.C; Boston, Massachusetts; Detroit, Michigan; Philadelphia, Pennsylvania; Chicago, Illinois; Cleveland, Ohio; Saint Paul, Minnesota; Seattle, Washington; Las Vegas, Nevada; Phoenix, Arizona; Denver, Colorado; Dallas, Texas; Houston, Texas; Atlanta, Georgia; Tampa, Florida, Miami, Florida; Austin, Texas; Palm Springs, California; San Francisco, California; and Sacramento, California By Plaintiffs Against All Defendants)**

110.    Plaintiffs and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

111.    Plaintiffs and the Class allege on information and belief that Defendant Kia Forum is not a specially licensed and zoned adult entertainment business such that adult- oriented entertainment is not lawfully conducted on their business premises.

112.    Pursuant to California Zoning Ordinance section 12.70 (B)(17) an Adult Entertainment Business is defined as: "Adult Arcade, Adult Bookstore, Adult Cabaret, Adult Motel, Adult Motion Picture Theatre, Adult Theatre, Massage Parlor, or Sexual Encounter Establishment…".

113.    Pursuant to California Zoning Ordinance section 12.70 (B)(3) "Adult Cabaret" is defined as:

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

> A nightclub, bar, restaurant or similar establishment which regularly features live performances which are characterized by the exposure of "specified anatomical areas" or by "specified sexual activities," or films, motion pictures, video cassettes, slides or other photographic reproductions which are characterized by an emphasis upon the depiction or description of "specified sexual activities" or "specified anatomical areas."

114.    Pursuant to California Zoning Ordinance section 12.70 (B)(6) "Adult Theater" is defined as:

> A theater concert hall, auditorium or similar establishment which, for any form of consideration, regularly features live performances which are characterized by the exposure of "specified anatomical areas" or by "specified sexual activities."

115.    In allowing Madonna's topless dancers and their performance of simulated sexual acts, the Kia Forum, constituted an Adult Entertainment Business as defined by California Zoning Ordinance section 12.70 (B)(17).

116.    Inglewood City Ordinance 12-94.2 (a)(1) reads:

> It shall be unlawful for any adult oriented business to operate except when in    full compliance with all of the applicable conditions set forth below:

> (A)    Conditions applicable to all adult oriented businesses.

> (1) All adult oriented businesses shall have clearly visible signs at all entrances specifying "ADULTS ONLY"; "NO MINORS PERMITTED" or equivalent wording. Said notice shall consist of letters no less than one inch in height. No person under the age of eighteen shall be permitted within the premises at any time.

117.    In acting as an Adult Entertainment Business, the Kia Forum, failed to comply with Inglewood City Ordinance 12-94.2 (a)(1), by not having the proper signs, such as "ADULTS ONLY" and/or "NO MINORS PERMITTED", and by allowing persons under the age of 18 to enter the Kia Forum.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

118.  California Code of Regulations Rule 143.2. Attire and Conduct provides:

> The following acts or conduct on licensed premises are deemed contrary to public welfare and morals, and therefore no on-sale license shall be held at any premises where such conduct or acts are permitted:
>  3) To encourage or permit any person on the licensed premises to touch, caress or fondle the breasts, buttocks, anus or genitals of any other person.
> 4) To permit any employee or person to wear or use any device or covering, exposed to view, which simulates the breast, genitals, anus, pubic hair or any portion thereof.

California Code of Regulations Rule 143.3 Entertainers and Conduct provides:

> Acts or conduct on licensed premises in violation of this rule are deemed contrary to public welfare and morals, and therefore no on-sale license shall be held at any premises where such conduct or acts are permitted.
> Live entertainment is permitted on any licensed premises, except that:
>  No licensee shall permit any person to perform acts of or acts which simulate:
> (a) Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law.
> (b) The touching, caressing or fondling on the breast, buttocks, anus or genitals.
> (c) The displaying of the pubic hair, anus, vulva or genitals.

119.   The Kia Forum failed to comply with rules 142.2(3), 142.2 (4) and 143.3(1) and (2) of the California Department of Alcoholic Beverage Control by allowing Madonna to have topless dancers simulating sexual acts perform on stage during her Concerts.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

120.    The Kia Forum violated the above statutory and/or regulatory standards.

121.    The Kia Forum's violations of these statutory and/or regulatory standards constitute negligence per se under California law.

122.    The Kia Forum had actual and/or constructive knowledge of the facts and circumstances leading to and causing the incidents described herein which, in turn, caused damages and injuries, and their action and inactions were grossly negligent, reckless, willful and/or wanton.

123.    As a direct and proximately cause the Kia Forum's violation of statutory and/or regulatory standards, Plaintiffs and the Class have suffered injury and damages in an amount according to proof at trial.

124.    On information and belief Defendant Barclays violated similar statutes in Brookly, New York.

125.    On information and belief Defendant Capitol One violated similar statutes in Washington D.C.

126.    On information and belief Defendant TD Garden violated similar statutes in Boston Massachusetts.

127.    On information and belief Defendant Little Caesars violated similar statutes in Detroit, Michigan.

128.    On information and belief Defendant MSG violated similar statutes in New York, New York.

129.    On information and belief Defendant United Center violated similar statutes in Chicago, Illinois.

130.    On information and belief Defendant PPG violated similar statutes in Pittsburgh, Pennsylvania.

131.    On information and belief Defendant Rocket Mortgage Fieldhouse violated similar statutes in Clevland, Ohio.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

132.   On information and belief Defendant Xcel Energy Center violated similar statutes in Saint Paul, Minnesota.

133.   On information and belief Defendant Climate Pledge Arena violated similar statutes in Seattle, Washington

134.   On information and belief Defendant Golden 1 Center violated similar statutes in Sacramento, California.

135.   On information and belief Defendant Chase Center violated similar statutes in San Francisco, California.

136.   On information and belief Defendant T-Mobile Arena violated similar statutes in Las Vegas, Nevada

137.   On information and belief Defendant Acrisure Arena violated similar statutes in Palm Springs, California

138.   On information and belief Defendant Footprint Center violated similar statutes in Phoenix, Arizona.

139.   On information and belief Defendant Ball Arena violated similar statutes in Denver, Colorado

140.   On information and belief Defendant American Airlines Center violated similar statutes in Dallas, Texas.

141.   On information and belief Defendant Toyota Center violated similar statutes in Houston, Texas.

142.   On information and belief Defendant State Farm Arena violated similar statues in Atlanta, Georgia.

143.   On information and belief Defendant Amalie Arena violated similar statutes in Tampa, Florida.

144.   On information and belief Defendant Kaseya Center violated similar statutes in Miami, Florida.

145.   On information and belief Defendant Moody Center violated similar statutes in Austin, Texas.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## SEVENTH CAUSE OF ACTION

## PUBLIC NUISANCE

**(Cal. Civ. Code §§ 3294, 3479, 3491, 3493, Cal. Code Civ. Proc. § 731 and Other Similar Statutes By Plaintiffs Against all Defendants and Does 1 through 100)**

146.   Plaintiffs and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

147.   California Civil Code § 3479 defines "nuisance" as "[a]nything which is injurious to health,… or is indecent or offensive to the senses,… so as to interfere with the comfortable enjoyment of life or property."

148.   California Civil Code § 3480 defines "public nuisance" as any nuisance that "affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal."

149.   To constitute a "public nuisance," the offense against, or interference with the exercise of rights common to the public must be "substantial and unreasonable." *People ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090, 1103, 1105 (1997).

150.   Defendants engaged in negligent, reckless and intentional acts by Madonna (1) not appearing at 8:30 as promised, but instead making fans wait until after 10:00 p.m. or later to start her shows; (2) maintaining a hot and uncomfortable temperature in each of the venues during her performances; (3) lip synching much of her performance; and (4) having topless women perform on stage simulating sexual acts.

151.   The acts and omissions of Defendants alleged herein caused a considerable number of persons to suffer harm, including, but not limited to concert attendees. The acts and omissions substantially and unreasonably created and substantially assisted in the creation of a grave risk to public health, safety

and welfare, and wrongfully and unduly interfered with Plaintiff's and Class members' comfortable enjoyment of their lives.

152.    The acts and omissions of Defendants alleged herein substantially and unreasonably created and substantially assisted in the creation of a grave risk to public health and welfare, all of which constitutes an actionable public nuisance.

153.    Pursuant to California Civil Code section 3493, Plaintiffs and the Class have standing to maintain an action for public nuisance because the nuisance is especially injurious to Plaintiffs and other Class members who attended Madonna's Concerts at venues throughout the nation.

154.    California Code of Civil Procedure section 731 and California Civil Code sections 3491, 3493, and 3495 authorize Plaintiffs to bring this action for injunctive relief, equitable abatement, and damages from Defendants.

155.    If immediate injunctive relief is not granted, Plaintiffs and the Class face a significant risk of irreparable harm in the form of physical and emotional injuries from Defendants' continuing creation and perpetuation of a public nuisance.

156.    The risk of injury Plaintiffs and the Class face outweighs the cost of reasonable measures included in Plaintiff's proposed injunction.

157.    Defendants' past and ongoing conduct is a direct and proximate cause of Plaintiff's and the Class's injuries and threatened injuries.

158.    Defendants should have known that their conduct as alleged herein would be the direct and proximate cause of the injuries to Plaintiffs and the Class.

159.    Defendants' conduct as alleged herein constitutes a substantial and unreasonable interference with and obstruction of public rights and property, including the public rights to health, safety and welfare of Plaintiffs and Class members.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

160.    On information and belief Defendant Barclays violated similar statutes in Brookly, New York.

161.    On information and belief Defendant Capitol One violated similar statutes in Washington D.C.

162.    On information and belief Defendant TD Garden violated similar statutes in Boston Massachusetts.

163.    On information and belief Defendant Little Caesars violated similar statutes in Detroit, Michigan.

164.    On information and belief Defendant MSG violated similar statutes in New York, New York.

165.    On information and belief Defendant United Center violated similar statutes in Chicago, Illinois.

166.    On information and belief Defendant PPG violated similar statutes in Pittsburgh, Pennsylvania.

167.    On information and belief Defendant Rocket Mortgage Fieldhouse violated similar statutes in Clevland, Ohio.

168.    On information and belief Defendant Xcel Energy Center violated similar statutes in Saint Paul, Minnesota.

169.    On information and belief Defendant Climate Pledge Arena violated similar statutes in Seattle, Washington

170.    On information and belief Defendant Golden 1 Center violated similar statutes in Sacramento, California.

171.    On information and belief Defendant Chase Center violated similar statutes in San Francisco, California.

172.    On information and belief Defendant T-Mobile Arena violated similar statutes in Las Vegas, Nevada

173.    On information and belief Defendant Acrisure Arena violated similar statutes in Palm Springs, California

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

174.   On information and belief Defendant Footprint Center violated similar statutes in Phoenix, Arizona.

175.   On information and belief Defendant Ball Arena violated similar statutes in Denver, Colorado

176.   On information and belief Defendant American Airlines Center violated similar statutes in Dallas, Texas.

177.   On information and belief Defendant Toyota Center violated similar statutes in Houston, Texas.

178.   On information and belief Defendant State Farm Arena violated similar statues in Atlanta, Georgia.

179.   On information and belief Defendant Amalie Arena violated similar statutes in Tampa, Florida.

180.   On information and belief Defendant Kaseya Center violated similar statutes in Miami, Florida.

181.   On information and belief Defendant Moody Center violated similar statutes in Austin, Texas.

182.   As a proximate result of Defendant's unlawful actions and omissions, Plaintiffs and the Class have been damaged in an amount according to proof at trial.

183.   In addition to declaratory relief, injunctive relief and damages as alleged herein, Plaintiffs and Class members are entitled to interest, penalties, attorneys' fees and expenses pursuant to CCP § 1021.5 and other similar statutes, and costs of suit.

## EIGTH CAUSE OF ACTION
## BATTERY
### (By Plaintiffs Against Defendant Madonna)

184.   Plaintiffs and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

185.   During each concert performance, for the extent of the concert, Defendant Madonna intentionally committed a harmful touching of the bodies of Plaintiffs and the Class without consent.

186.   Specifically, Defendant Madonna intentionally turned off all air conditioning and ventilation within the buildings she performed in and then used pyrotechnics which caused Plaintiffs and the Class to become physically ill and resulted in members of the class being forced to leave the premises.

187.   As a result of the actions described set forth above, Plaintiffs and the Class seek compensatory damages, punitive damages, and nominal damages in an amount according to proof at trial.

## NINTH CAUSE OF ACTION
## NEGLIGENCE
### (By Plaintiffs Against all Defendants and Does 1 through 100)

188.   Plaintiffs and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

189.   At all relevant times, Defendants controlled, owned, occupied, operated, managed and/or maintained the premises where Defendant Madonna performed her concert.

190.   Plaintiffs and the Class were invitees on Defendants premises. Plaintiffs entered Defendants premises as a paying customer of Defendants.

191.   The heat caused by Defendants refusal to turn on the air conditioning and ventilation system created a condition that posed an unreasonable risk of harm.

192.   Defendants knew or reasonably should have known of the dangerous condition.

193.   Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiffs and the Class.

194.   Defendants breached the duty of ordinary care by failing to use the air conditioner and ventilation system within the building to make the area safe.

195.   Defendant's breach of duty actually and proximately caused injury to Plaintiffs.

196.    As a result of Defendants negligence, Plaintiffs and the Class have suffered injury and damages in an amount according to proof at trial.

## TENTH CAUSE OF ACTION
## UNFAIR COMPETITION

### (By Plaintiffs Against all Defendants and Does 1 through 100)

197.   Plaintiffs and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

198.   Defendants are "person(s)" as that term is defined in Business & Professions Code §17021.

199.   The Business & Professions Code defines unfair competition as any unlawful, unfair, or fraudulent business practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  The Unfair Business Practices Act provides for injunctive relief and restitution for violations.

200.   A business act or practice is "unlawful" if it violates any established state or federal law.

201.   A business act or practice is "unfair" if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

202.   Defendants' breach of contract, intentional infliction of emotional distress, false advertising, negligence/negligent infliction of emotional distress, negligence per se and negligent misrepresentations and violation of the Consumer Legal Remedies Act as described above are unlawful and unfair pursuant to Business & Professions Code §17200 et seq.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

203.   The gravity of the harm to Plaintiffs and members of the Class resulting from such unfair acts and practices outweighs any conceivable reasons, justification and/or motives of Defendants for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Defendants have engaged, and continue to engage, in unfair business practices within the meaning of Business & Professions Code §17200.

204.   At all times relevant herein, by and through the conduct described herein, Defendants have engaged in unfair and unlawful practices by failing to (1) start concerts at the stated ticket times; (2) provide venues with comfortable temperatures; (3) provide live performances, (4) warn that the concerts would include nudity and simulated sexual acts, all in violation of Business & Professions Code §§ 17200 *et seq*.

205.   By and through the unfair and unlawful business practices described herein, Defendants have obtained valuable property and money from the Plaintiffs and the Class and have deprived them of valuable rights and benefits guaranteed by law, all to the detriment of Plaintiffs and the Class.

206.   All the acts described herein are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 et seq.

207.   On information and belief Defendant Barclays violated similar statutes in Brookly, New York.

208.   On information and belief Defendant Capitol One violated similar statutes in Washington D.C.

209.   On information and belief Defendant TD Garden violated similar statutes in Boston Massachusetts.

210.   On information and belief Defendant Little Caesars violated similar statutes in Detroit, Michigan.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

211.   On information and belief Defendant MSG violated similar statutes in New York, New York.

212.   On information and belief Defendant United Center violated similar statutes in Chicago, Illinois.

213.   On information and belief Defendant PPG violated similar statutes in Pittsburgh, Pennsylvania.

214.   On information and belief Defendant Rocket Mortgage Fieldhouse violated similar statutes in Clevland, Ohio.

215.   On information and belief Defendant Xcel Energy Center violated similar statutes in Saint Paul, Minnesota.

216.   On information and belief Defendant Climate Pledge Arena violated similar statutes in Seattle, Washington

217.   On information and belief Defendant Golden 1 Center violated similar statutes in Sacramento, California.

218.   On information and belief Defendant Chase Center violated similar statutes in San Francisco, California.

219.   On information and belief Defendant T-Mobile Arena violated similar statutes in Las Vegas, Nevada

220.   On information and belief Defendant Acrisure Arena violated similar statutes in Palm Springs, California

221.   On information and belief Defendant Footprint Center violated similar statutes in Phoenix, Arizona.

222.   On information and belief Defendant Ball Arena violated similar statutes in Denver, Colorado

223.   On information and belief Defendant American Airlines Center violated similar statutes in Dallas, Texas.

224.   On information and belief Defendant Toyota Center violated similar statutes in Houston, Texas.

225.    On information and belief Defendant State Farm Arena violated similar statues in Atlanta, Georgia.

226.    On information and belief Defendant Amalie Arena violated similar statutes in Tampa, Florida.

227.    On information and belief Defendant Kaseya Center violated similar statutes in Miami, Florida.

228.    On information and belief Defendant Moody Center violated similar statutes in Austin, Texas.

229.    Defendants' acts and practices as described herein have deceived members of the consuming public.

230.    Plaintiffs and the Class are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendants have acquired, or of which Plaintiffs and the Class have been deprived by means of the above-described unfair and unlawful business practices.

231.    Plaintiffs and the Class are further entitled to, and do, seek a declaration that the above-described business practices are unfair and unlawful and that injunctive relief should be issued restraining Defendants from engaging in any of the above described unfair and unlawful business practices in the future.

232.    Plaintiffs and the Class have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of Defendants.  As a result of the unfair and unlawful business practices described above, Plaintiffs and the Class have suffered and will continue to suffer irreparable harm unless Defendants are restrained from continuing to engage in these unfair and unlawful business practices.  In addition, Defendants should be required to disgorge the moneys paid by Plaintiffs and the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays that this Court enter judgment in his favor and against Defendants, and each of them, as follows:

1.      Compensatory damages suffered by Plaintiffs and members of the Class as a result of Defendants' breach of written contract with Plaintiffs and members of the Class;

2.      For injunctive relief ordering the continuing unfair and unlawful business acts and practices to cease, as the Court deems just and proper;

3.      For a preliminary and permanent injunction enjoining Defendants from continuing to engage in, and from engaging in, the wrongful acts, omissions and practices alleged herein whose commission and omission constitute a public nuisance;

4.      For a declaration that Defendants have committed a public nuisance by their wrongful acts, omissions and practices;

5.      Restitution in such amounts Plaintiffs and all Class members paid for tickets and/or disgorgement of the profits Defendants obtained from those transactions;

6.      Reasonable attorneys' fees pursuant to, *inter alia*, CCP 1021.5;

7.      Costs of this lawsuit;

8.      Pre- and post-judgment interest;

9.      For punitive and exemplary damages in a sum to be determined at trial;      and

10.     For such other and further relief as the Court deems just and proper.

//
//
//
//
//
//
//

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby respectfully request a trial by jury for all claims and issues raised in his Complaint that may be entitled to a jury trial.


LIPELES LAW GROUP, APC

Date: June 10, 2024

By: _____
Thomas Schelly, Attorney for Plaintiffs
Justen Lipeles, Kevin Gammon,
Claudia Benitez, Edward Hakobjanyan,
and Marcela Veronica Najera on their
own behalf and on behalf of all others
similarly situated

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL