UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-04896-MWC-SSC                                    Date: May 20, 2025

Title   Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

Present: The Honorable:   Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order GRANTING Defendants' motion to dismiss (Dkt. 46)**

Before the Court is a motion to dismiss or, in the alternative, to strike the class allegations filed by Defendants Madonna Louise Ciccone ("Madonna"), *et al.*, (collectively, "Defendants"). Dkt. # 46-1 ("*Mot.*"). Plaintiffs Justen Lipeles, Kevin Gammon, Claudia Benitez, Edward Hakobjanyan, and Marcela Veronica Najera (collectively, "Plaintiffs") opposed. Dkt. # 24 ("*Opp.*"). Defendants replied. Dkt. # 54 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **GRANTS** Defendants' motion to dismiss but **DENIES** the motion to strike class allegations.

I.   Background

Plaintiffs bring this class action "on behalf of a nationwide class of consumers who were deceived and lulled into purchasing expensive tickets for a concert to be performed by" Madonna during her Celebration Tour that took place at venues within California. Dkt. # 41 ("*TAC*"), ¶ 1. The underlying basis to this action amounts to allegations that "Madonna and her promoter [Defendant] Live Nation [('Live Nation')] purposely and deceptively withheld informing ticket purchasers in the marketing of the concerts that: Madonna would maintain a hot and uncomfortable temperature in each of the venues during her performances; Defendants should have disclosed this information to consumers before they purchased their tickets." *Id.* ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-04896-MWC-SSC                                             Date: May 20, 2025

Title       Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

On or about March 6, 2024, Plaintiffs purchased four (4) tickets to attend Madonna's concert, during her Celebration Tour, at the Kia Forum in Inglewood, California on March 7, 2024.[1] *Id.* ¶ 32. Plaintiffs were directed to obtain the e-tickets from Live Nation, which, for purposes of the Celebration Tour, acted as a promoter, manager, and agent for Madonna. *Id.* ¶ 33. Plaintiffs arrived timely at the Kia Forum. *Id.* ¶ 35. Plaintiffs allege that "[t]he temperature inside the Kia Forum was uncomfortably hot as required by Madonna who refused to allow the air conditioning to be turned on. Plaintiff[s] and members of the Class were profusely sweating and became physically ill because of the heat." *Id.* ¶ 36.

Plaintiffs further contend that all "[t]he venues [during the Celebration Tour] were all hot and uncomfortable, presumably at the direction of Madonna (who has a history of requiring a hot, uncomfortable temperature during her concerts)." *Id.* ¶ 38. According to Plaintiffs, the class members as "ticketholders were uncomfortably hot due to Madonna's requirement that the venues not turn on air conditioning (which was made worse due to Madonna's failure to take the stage for over one- and one-half hours or more)." *Id.* ¶ 39.

On June 10, 2024, Plaintiffs initiated this action. *See* Dkt. # 1. On March 21, 2025, Plaintiffs filed a third amended complaint ("TAC"), asserting nine claims: (1) breach of written contract; (2) negligent misrepresentation; (3) intentional infliction of emotion distress ("IIED"); (4) false advertising (Cal. Bus. & Prof. Code §§ 17500 *et seq.*) ("FAL"); (5) negligent infliction of emotional distress ("NIED"); (6) negligence per se; (7) battery; (8) negligence; and (9) unfair competition (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) ("UCL"). *See* TAC. Defendants now moves to dismiss. *See* Mot.

II.     Legal Standard

    A.     Standing

A plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (citation omitted). The "irreducible constitutional minimum" of Article III standing has three elements: (1) the plaintiff must

---

[1] While the TAC alleges purchases and attendance by a single "Plaintiff," the Court assumes that these allegations extend to all Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04896-MWC-SSC                                      Date: May 20, 2025

Title     Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

have suffered an "injury in fact," meaning a concrete and particularized injury that is actual or imminent; (2) the injury must be causally related to the defendant's challenged actions; and (3) it must be "likely" that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted); *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013). Article III standing bears on the court's subject matter jurisdiction and is therefore subject to challenge under Federal Rule of Civil Procedure ("Rule") 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

Standing is also required in class actions, in which the named plaintiffs cannot rely on having been injured by "conduct of another kind, although similar, to which [plaintiffs have] not been subject." *Blum v. Yaretsky,* 457 U.S. 991, 999 (1982). Nor can named plaintiffs acquire standing "through the back door of a class action" by relying on the standing of potential class members. *Allee v. Medrano,* 416 U.S. 802, 829 (1974).

B.      Failure to State a Claim

To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, a cause of action's elements that are "supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To plead fraud with particularity, the pleader must state the false representations' time, place, and specific content. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-04896-MWC-SSC                                           Date: May 20, 2025

Title   Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

allegations "must set forth more than neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about the statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).  In essence, the defendant must be able to adequately answer the fraud allegations.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  Where multiple defendants allegedly engaged in fraudulent activity, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rather, a plaintiff must identify each defendant's role in the alleged scheme.  *See id.* at 765.

III.   Analysis

    A.   Standing

Defendants argue that (1) Plaintiffs fail to plausibly allege any cognizable injury traceable to the challenged conduct; (2) Plaintiffs lack standing to assert claims based on concerts they did not attend; and (3) Plaintiffs lack standing to sue for injunctive relief.  *Mot.* 6:3–8:24.  The Court agrees.

        i.   *Plaintiffs' Injury*

The TAC is replete with bare assertions that Plaintiffs suffered "damages," became "physically ill," and suffered "severe emotional distress." *See generally TAC*.  Plaintiffs have not shown that they have suffered an "injury in fact" as there is no concrete particularized injury that is actual or imminent.  The TAC alleges that Plaintiffs may be compelled to employ medical services and incur future medical expenses because of the "damages," *TAC* ¶ 59, but such harm is speculative.  *See, e.g.*, *Crane v. U.S. Nuclear Regul. Comm'n*, 344 F. App'x 316, 317 (9th Cir. 2009) (plaintiff's asserted injury that "he *may* be subjected to [medical] treatment" in future was "just the sort of hypothetical controversy over which [the court] lack[s] jurisdiction" (emphasis in original)).  At bottom, the TAC includes "conclusory statements unsupported by specific facts" that do not suffice to allege a concrete and particularized injury-in-fact for Article III standing.  *Pels v. Keurig Dr. Pepper, Inc.*, No. 19-CV-03052-SI, 2019 WL 5813422, at *4 (N.D. Cal. Nov. 7, 2019); *see also Holcomb v. California Bd. of Psychology*, No. No. 2:15-cv-02154-KJM-CKD, 2016 WL 3126127, at *3 (E.D. Cal. Jun. 3, 2016) (no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04896-MWC-SSC                                          Date: May 20, 2025

Title   Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

standing where complaint baldly alleged "significant economic damages," "severe harm," and "severe psychological damages").

Beyond its conclusory allegations, the TAC does not allege economic injury traceable to the challenged conduct. *See generally TAC*. Plaintiffs contend that they allege economic harm, asserting that "they would not have purchased tickets at the price they paid—or at all—had they been adequately informed of the venue conditions." *Opp.* 3:4–6. While an allegation that Plaintiffs "would not have bought a product but for the purported misrepresentation has been found to be an economic injury sufficient to create standing," the TAC does not include such an allegation. *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 820 (N.D. Cal. 2014); *see generally TAC*. The Court "cannot consider new allegations raised in an [o]pposition." *Elliot v. Conagra Brands, Inc.*, No. 2:23-CV-01417-DJC-AC, 2025 WL 950522, at *5 (E.D. Cal. Mar. 28, 2025). Currently, the TAC conveys that Plaintiffs "receive[d] the benefit of [their] bargain [and thus have] not suffered Article III injury-in-fact traceable to the [D]efendants' conduct." *See Lee v. Toyota Motor Sales, U.S.A.*, 992 F. Supp. 2d 962, 972 (C.D. Cal. 2014). Indeed, the Court questions any purported misrepresentation considering Plaintiffs own allegation that Madonna "has a history of requiring a hot, uncomfortable temperature during her concerts." *TAC* ¶ 38.

    ii.    *Injury at Other Venues*

Despite Plaintiffs' attempt to bring claims related to all Celebration Tour concerts that took place within California, Plaintiffs do not have standing (even if a cognizable harm was pleaded) to bring claims related to any other concert besides the one that Plaintiffs attended at the Kia Forum. Plaintiffs cannot rely on having been injured by "conduct of another kind, although similar, to which [plaintiffs have] not been subject." *Blum,* 457 U.S. at 999. Nor can named plaintiffs acquire standing "through the back door of a class action" by relying on the standing of potential class members. *Allee,* 416 U.S. at 829. Simply put, Plaintiffs were not subjected to Defendants' conducts at other venues as each concert is different, despite any potential similarities of Defendants' alleged conduct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-04896-MWC-SSC | Date: May 20, 2025 |
| Title Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.* | |

        *iii.*    *Injunctive Relief*

     As to injunctive relief, Plaintiffs must show a likelihood of future injury. *See, e.g.*, *Martinez-Graciano v. JRA Trademark*, No. EDCV 24-2529 JGB (SPx), 2025 WL 636711, at *3 (C.D. Cal. Feb. 27, 2025) ("Past wrongs, by themselves, are insufficient to establish standing for injunctive relief."). Even in a putative class action, the named plaintiff "'bears the burden of showing that he has standing for each type of relief sought,' and so a plaintiff seeking equitable relief such as an injunction must further demonstrate a likelihood of future injury." *Darisse v. Nest Labs, Inc.*, No. 5:14-CV-01363-BLF, 2016 WL 4385849, at *3 (N.D. Cal. Aug. 15, 2016) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Plaintiffs have not done so, nor do they oppose Defendants' challenge. *See Opp.*; *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."), *aff'd*, 646 F.3d 1240 (9th Cir. 2011).

        *iv.*    *Conclusion*

     Accordingly, the Court **GRANTS** Defendants' motion to dismiss based on Plaintiffs' lack of standing. Because it will grant leave to amend as to part of Plaintiffs' Article III standing, the Court will analyze Plaintiffs' claims under Rule 12(b)(6) in anticipation of a fourth amended complaint.

    B.    <u>Failure to State a Claim</u>

        *i.*    *Breach of Written Contract*

     Plaintiffs allege breach of written contract premised on Defendants' alleged failure to provide a "comfortable and safe concert environment." *TAC* ¶ 44. However, "[a] breach [of contract] does not occur when the party refusing to perform fails to perform tasks that he is not obligated to perform under the terms of the contract." *Lothlen v. Wells Fargo Bank, N.A.*, No. C 13-00922 SI, 2014 WL 1266854, at *2 (N.D. Cal. Mar. 27, 2014). The TAC alleges that the "promises" that were allegedly breached "were contained in printed representations on [the] tickets." *TAC* ¶ 42. Yet, the TAC does not identify any promises made by Defendants regarding venue conditions that they allegedly breached. *See generally id*. Instead, in opposition, Plaintiffs pitch a new theory that there was an implied contract with terms consistent with fundamental consumer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04896-MWC-SSC                                       Date: May 20, 2025

Title     Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

expectations regarding live entertainment experiences.  *Opp.* 5:24–7:5.  "Raising a completely new theory of liability, with only attenuated connection to the complaint, in a brief in opposition to a motion to dismiss does not grant Defendant fair notice of Plaintiffs' claim or the grounds upon which it rests."  *Provencio v. Vazquez*, 258 F.R.D. 626, 639 (E.D. Cal. 2009).  At this juncture, Plaintiffs have already had four bites at the apple, the Court finds it unduly prejudicial to Defendants to now oppose a newly proffered theory.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' breach of contract claim.

> ii.    *FAL, UCL, and Negligent Misrepresentation Claims*

Plaintiffs' FAL, UCL, and negligent misrepresentation claims are premised on the assertion that Defendants "withheld informing ticket purchasers in the marketing of the concerts that: Madonna would maintain a hot and uncomfortable temperature in each of the venues during her performances."  *TAC* ¶ 2.  Courts routinely analyze California consumer protection claims with fraudulent concealment claims where the claims overlap.  *See Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 561 (N.D. Cal. 2019); *Terteryan v. Med. Depot, Inc.*, No. CV 17-2358 DMG (EX), 2017 WL 5665006, at *2 (C.D. Cal. May 18, 2017).  The Court finds that Plaintiffs fail to plead omission-based claims.

For an omission-based claim to be actionable under California consumer protection laws, that omission "must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."  *Hodsdon v. Mars*, 891 F.3d 857, 861 (9th Cir. 2018).  As to fraudulent concealment, among other things, Plaintiffs must show that Defendants had a duty to disclose.  *Ahern*, 411 F. Supp. 3d at 561.  The TAC, however, fails to allege (1) any omission that was contrary to a representation made by Defendants, or (2) a duty to disclose.[2]  Even if the Court were to

---

[2] A duty to disclose can arise where a defendant has exclusive knowledge of material facts not known to a plaintiff.  *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997).  However, Plaintiffs' own allegations call exclusivity into question as they allege that Madonna has "a history of requiring a hot, uncomfortable temperature during her concerts." *TAC* ¶ 38.  Accordingly, the Court will not infer a duty to disclose in the instant case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-04896-MWC-SSC                                                   Date: May 20, 2025

Title       Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

infer a contrary representation (it does not), "for a fraud by omission claim under California's consumer protection laws, the omitted fact 'must relate to the central functionality of the product [or service].'" *Hall v. SeaWorld Ent., Inc.*, 747 F. App'x 449, 451 (9th Cir. 2018) (quoting *Hodsdon*, 891 F.3d 857, 863). The alleged omission concerns a subjective preference, "which does not relate to the central functionality of" the service at issue. *Id.* (citing *Hodsdon*, 891 F.3d at 864).

Above all, Plaintiffs fail to satisfy Rule 9(b) as they fail to "allege with sufficient specificity the who, what, when, where of [Defendants'] fraudulent concealment." *Poston v. Gen. Motors, LLC*, No. 24-CV-0082-BAS-JLB, 2024 WL 3558377, at *5 (S.D. Cal. Jul. 22, 2024); *see also McIntyre v. Am. Honda Motor Co.*, 739 F. Supp. 3d 776, 799 (C.D. Cal. 2024) (dismissing consumer protection claims where "Plaintiffs state in conclusory fashion that they received "representations" before purchasing the Vehicles but do not allege the form of those purported representations").

Accordingly, the Court **GRANTS** Defendants' motion to dismiss the FAL, UCL, and negligent misrepresentation claims.

> iii.    Negligence and NIED[3]

As a preliminary matter, "there is no independent tort of negligent infliction of emotional distress. The tort is negligence." *Wescott v. Beresford Corp.*, No. 22-CV-00067-JSC, 2022 WL 1062061, at *7 (N.D. Cal. Apr. 8, 2022) (citing *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 807 (Cal. 1993)). To state a claim for negligence, a plaintiff must allege that (1) the defendant owed a duty to the plaintiff, (2) defendant breached that duty, and (3) the breach proximately caused injury to plaintiff. *Ramos v. Wells Fargo Bank, N.A.*, No. 23-CV-0757-L-BGS, 2023 WL 5310540, at *3 (S.D. Cal. Aug. 17, 2023) (citing *John B. v. Superior Ct.*, 137 P.3d 153, 159 (Cal. 2006)). "In general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." *Sheen v. Wells Fargo Bank, N.A.*, 505 P.3d 625, 632 (Cal. 2022).

---

[3] The TAC's caption page and a few paragraphs assert the claim for negligence per se in passing, but the TAC does not lay out a negligence per se claim. *See* TAC ¶¶ 4, 94. Accordingly, the Court **GRANTS** Defendants' motion to dismiss the negligence per se cause of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04896-MWC-SSC                                               Date: May 20, 2025

Title   Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

Here, the TAC alleges that Defendants had a duty "to ensure that the premises did not present a danger to Plaintiffs and the Class." *TAC* ¶ 85.  It proceeds to allege that Defendants breached that duty "by failing to use the air conditioner and ventilation system within the building to make the area safe." *Id.* ¶ 86.  It is not clear, however, that failure to use the system equates to a dangerous premises.  Even if the Court were to assume that Defendants breached a duty (it does not), the TAC only pleads speculative physical injuries, as discussed in Section III (A)(i), which is not sufficient for negligence damages.  *See Castillo v. Seagate Tech., LLC*, No. 16-CV-01958-RS, 2016 WL 9280242, at *4 (N.D. Cal. Sept. 14, 2016) ("Negligence claims also require plaintiffs to connect the defendant's allegedly negligent conduct to a cognizable, nonspeculative harm." (citations omitted)).  In opposition, Plaintiffs assert new allegations that they experienced "dehydration, nausea, and heat exhaustion" and "heightened anxiety and discomfort." *Opp.* 7:16–23.  The Court does not credit these outside allegations.  *See Elliot*, 2025 WL 950522, at *5.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss the negligence and NIED claim.

       *iv.*    IIED

To state a claim for IIED, a plaintiff must allege: (1) extreme and outrageous conduct by defendant, directed at plaintiff, with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) plaintiff suffered severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct.  *Copeland v. Bank of Am. Servicing*, CV 13-1578-JLS (Ex), 2014 WL 12696534, at *6 (C.D. Cal. Nov. 14, 2014) (citation omitted).  For a defendant's conduct to be considered outrageous, it must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.*  Further, the conduct must be "'intended to inflict injury or engaged in with the realization that injury will result.'"  *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009).  "With respect to the requirement that the plaintiff show severe emotional distress, the California Supreme Court has set a high bar.  Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Wescott v. Beresford*, No. 22-cv-00067-JSC, 2022 WL 1062061, at *8 (N.D. Cal. Apr. 8, 2022) (quotation omitted).  Allegations that a plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04896-MWC-SSC                                          Date: May 20, 2025

Title   Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

"has suffered discomfort . . . and agitation" do not clear that high bar. *Hughes*, 46 Cal. 4th at 1051.

Here, the TAC merely alleges that Defendants' actions were "intentional, extreme, outrageous" without any non-conclusory allegations supporting the alleged conduct. *TAC* ¶¶ 56–61. The Court does not address IIED any further as Plaintiffs do not oppose Defendants' motion on this ground, and therefore the Court deems that failure as a concession. See *Conservation Force,* 677 F. Supp. 2d at 1211. Accordingly, the Court **GRANTS** Defendants' motion to dismiss the IIED claim.

       *v.*      *Battery*

The essential elements of a cause of action for battery are that "(1) the defendant touched the plaintiff or caused the plaintiff to be touched with the intent to harm or offend the plaintiff; (2) the plaintiff did not consent to the touching; (3) the plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's situation would have been offended by the touching." *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012). As to the fourth element, the TAC is devoid of even that threadbare recital. More importantly, the TAC simply does not plead facts in support of a battery claim. *See, e.g.*, *Singh v. Lowe's Home Ctrs.*, No. 2:18-445 WBS AC, 2018 WL 3569808, at *2 (E.D. Cal. Jul. 25, 2018) (dismissing battery claim based on spewing of cement dust that allegedly caused plaintiffs to seek medical treatment and property damage).

Plaintiffs fail to oppose Defendants' motion as to battery, and therefore the Court deems such failure as a concession. See *Conservation Force,* 677 F. Supp. 2d at 1211. Accordingly, the Court **GRANTS** Defendants' motion to dismiss the battery claim.

IV.   Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-04896-MWC-SSC | Date: May 20, 2025 |
| Title Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.* | |

improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court finds no undue delay or prejudice, and it is not obvious that Plaintiff's claims will necessarily be futile as to the FAL, UCL, and negligent misrepresentation claims, along with the negligence claim. Accordingly, the Court provides Plaintiffs leave to amend those claims. As to breach of written contract, any amendment will be futile considering Plaintiffs' attempt to draw a new theory. Furthermore, because Plaintiffs did not respond to Defendants' challenges as to the remaining claims, the Court does not grant leave to amend. *Ramos v. NDEX W., LLC*, No. 1:09–CV–00190 OWW GS, 2009 WL 1675911, at *4 (E.D. Cal. Jun. 1, 2009) ("There is no need to grant leave to amend as Plaintiff has failed to respond to the motion to dismiss.").

While the Court will provide Article III standing as to Plaintiffs' injuries, the Court does not grant leave to amend Plaintiffs' standing as to concerts they did not attend or injunctive relief because Plaintiffs failed to address Defendants' contentions. *See id.*

V.  Conclusion

For the reasons set forth above, the Court **GRANTS WITHOUT PREJUDICE** Defendants' motion to dismiss as to Plaintiffs' Article III standing and the FAL, UCL, and negligent misrepresentation claims, along with the negligence claim. The Court **GRANTS** Defendants' motion to dismiss **WITH PREJUDICE** as to the remaining claims, as well as Plaintiffs' Article III standing regarding injuries at other venues and injunctive relief. Because the Court grants the motion to dismiss and provides limited leave to amend, it does not address Defendants' alternative argument to strike the class allegations. Plaintiff must file any amended complaint no later than **June 6, 2025**. Failure to file an amended complaint by that date will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

| | : |
|---|---|
| | **Initials of Preparer**  TJ |