1  SANDRA A. CRAWSHAW-SPARKS (SBN 291101)
   scrawshaw@proskauer.com
2  ALYSON C. TOCICKI (SBN 336179)
   atocicki@proskauer.com
3  PROSKAUER ROSE LLP
   2029 Century Park East, Suite 2400
4  Los Angeles, CA  90067
   Telephone:    (310) 284-4525
5  Facsimile:    (310) 284-2193

6  JEFFREY H. WARSHAFSKY (admitted *pro hac vice*)
   jwarshafsky@proskauer.com
7  Q. JENNIFER YANG (admitted *pro hac vice*)
   jyang@proskauer.com
8  PROSKAUER ROSE LLP
   Eleven Times Square
9  New York, NY 10036
   Telephone:    (212) 969-3000
10 Facsimile:    (212) 969-2900

11 Attorneys for Defendants,
   MADONNA LOUISE CICCONE, et al.
12

13            **UNITED STATES DISTRICT COURT**

14            **CENTRAL DISTRICT OF CALIFORNIA**

15

16 JUSTEN LIPELES, et al.,                    Case No. 2:24-cv-04896-MWC-SSC

17                    Plaintiffs,

18         vs.                                **MEMORANDUM OF POINTS
                                              AND AUTHORITIES IN
                                              SUPPORT OF DEFENDANTS'**
19 MADONNA LOUISE CICCONE, et al.,            **MOTION TO DISMISS
                                              PLAINTIFFS' FOURTH
20                    Defendants.             AMENDED COMPLAINT OR, IN
                                              THE ALTERNATIVE, TO
21                                            STRIKE THE CLASS
                                              ALLEGATIONS**

22                                            Date:  August 1, 2025
                                              Time: 1:30 p.m.
23                                            Judge:  Hon. Michelle Williams Court
                                              Courtroom:  6A
24

25

26

27

28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

FACTUAL BACKGROUND ..................................................................................3

ARGUMENT ..........................................................................................................4

I.    THE FAC SHOULD BE DISMISSED UNDER RULE 12(B)(1) ................4

    A.    Rule 12(b)(1) Legal Standard .................................................................4

    B.    Plaintiffs Fail to Plausibly Allege Any Cognizable Injury Fairly
        Traceable to the Challenged Conduct ....................................................5

    C.    Plaintiffs Lack Standing to Assert Claims Based on Concerts Other
        Than the March 7 Concert ......................................................................9

II.   THE FAC SHOULD BE DISMISSED UNDER RULE 12(B)(6) ................9

    A.    Rule 12(b)(6) Legal Standard .................................................................9

    B.    Plaintiffs' FAL, UCL, and Negligent Misrepresentation Claims
        Fail on Numerous Independent Grounds ..............................................10

        1.    The FAC Does Not (and Cannot) Allege a Duty to
            Disclose ........................................................................................10

        2.    Plaintiffs' Allegations Fail to Satisfy Rule 9(b) .......................13

        3.    The FAC Fails to Plead that the Alleged Omissions Caused
            Plaintiffs Injury or Resulting Damage ......................................13

    C.    Plaintiffs' Negligence and NIED Claims Fail for the Same
        Reasons Set Forth in the Order ............................................................14

        1.    The NIED Claim Should Be Dismissed as Duplicative ..........14

        2.    Plaintiffs Fail to Adequately Plead Negligence.......................14

        3.    Plaintiffs' Negligence Claims Also Fail Under the
            Economic Loss Rule ...................................................................15

i

D.     The FAC Fails to Plead Any Facts as to Plaintiffs Kevin Gammon, Claudia Benitez, Edward Hakobjanyan and Marcela Veronica Najera .............................................................................................16

III.   IF ANY PART OF THE FAC SURVIVES, THE COURT SHOULD STRIKE ITS CLASS ALLEGATIONS.........................................................................16

A.     Legal Standard for Motion to Strike Class Allegations .....................16

B.     The Complaint's Class Allegations Should Be Stricken Because the Proposed Class Could Never Be Certified....................................17

C.     The Class Allegations as to the Negligence Claims Should Be Stricken for Additional Independent Reasons ...................................20

CONCLUSION .............................................................................................21

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT OR, IN THE
ALTERNATIVE, TO STRIKE THE CLASS ALLEGATIONS

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Airs Aromatics v. Victoria's Secret Stores Brand Mgmt.*,
  744 F.3d 595 (9th Cir. 2014) ................................................................. 12

*Allee v. Medrano*,
  416 U.S. 802 (1974) ................................................................................. 7

*Am. Title Ins. Co. v. Lacelaw Corp.*,
  861 F.2d 224 (9th Cir.1988) ................................................................... 6

*Am. W. Door & Trim v. Arch Specialty Ins.*,
  2015 WL 1266787 (C.D. Cal. Mar. 18, 2015) ..................................... 18

*Amchem Prods. v. Windsor*,
  521 U.S. 591 (1997) ............................................................................... 20

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................... 9, 10

*Bates v. UPS*,
  511 F.3d 974 (9th Cir. 2007) .................................................................. 4

*Bell Atl. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................. 9

*Brown v. Nano Hearing Tech Opco*,
  2024 WL 3367536 (S.D. Cal. July 9, 2024) .................................. 17, 19

*Buhecker v. Delta Airlines*,
  2016 WL 1643789 (D. Nev. Apr. 25, 2016) ........................................ 16

*Casanova v. Ciccone et al.*,
  Case No. 2024-125126-SP-05 (Fla. Miami-Dade Cnty. Ct. Nov. 13, 2024) ................................................................................................... 11

*Colmenares v. Paedae, Inc.*,
  2022 WL 656116 (C.D. Cal. Feb. 7, 2022) .......................................... 12

iii

*Crane v. U.S. Nuclear Regul. Comm'n*,
    344 F. App'x 316 (9th Cir. 2009) .......................................................... 7

*Davidson v. Apple*,
    2017 WL 976048 (N.D. Cal. March 14, 2017) .................................... 13

*Drimmer v. WD-40 Co.*,
    343 F. App'x 219 (9th Cir. 2009) .................................................. 19, 20

*Eclectic Props. E. v. Marcus & Millichap*,
    751 F.3d 990 (9th Cir. 2014) ............................................................... 10

*Friedman v. Cavalry Portfolio Servs.*,
    675 F. Supp. 3d 300 (E.D.N.Y. 2023) ................................................... 6

*Friends of Earth v. Laidlaw Env't Servs. (TOC)*,
    528 U.S. 167 (2000) .............................................................................. 5

*Garcia v. Williams Scotsman*,
    2024 WL 3811267 (C.D. Cal. Aug. 13, 2024) .................................... 17

*Garland v. Orlans, PC*,
    999 F.3d 432 (6th Cir. 2021) ................................................................ 6

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982) ............................................................................ 16

*Hall v. SeaWorld Ent.*,
    747 F. App'x 449 (9th Cir. 2018) .......................................... 10, 13, 21

*Haney v. Htay*,
    2017 WL 4699851 (E.D. Cal. Oct. 19, 2017),
    *aff'd*, 719 F. App'x 719 (9th Cir. 2018) .............................................. 12

*Heinen v. Royal Caribbean Cruises Ltd.*,
    806 F. App'x 847 (11th Cir. 2020) ........................................................ 7

*Hitt v. Cardinal Health 100*,
    2015 WL 13907064 (C.D. Cal. Jan. 20, 2015) .................................... 21

*Holcomb v. Cal. Bd. of Psych.*,
    2016 WL 3126127 (E.D. Cal. June 3, 2016) .......................................... 5

iv

*In re Zoom Video Commc'ns Inc. Priv. Litig.*,
    525 F. Supp. 3d 1017 (N.D. Cal. 2021)................................................ 16

*Ismail v. Am. Airlines*,
    2023 WL 5504932 (C.D. Cal. July 14, 2023) ..................................... 17

*Jackson v. City of Inglewood*,
    2009 WL 699948 (C.D. Cal. Mar. 12, 2009) ....................................... 6

*Kearns v. Ford Motor*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................ 10

*Keepers v. City of Milford*,
    807 F.3d 24 (2d Cir. 2015) .................................................................... 8

*Kingston v. FCA US*,
    2019 WL 7753446 (C.D. Cal. Dec. 10, 2019)..................................... 11

*Lee v. Toyota Motor Sales, U.S.A.*,
    992 F. Supp. 2d 962 (C.D. Cal. 2014) .................................................. 8

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)............................................................................... 5

*Marmolejo v. Ciccone et al.*,
    Case No. 2024-128876-SP-05 (Fla. Miami-Dade Cnty. Ct. Nov. 12, 2024) ................................................................................................... 10

*Marotto v. Kellog*,
    415 F. Supp. 3d 476 (S.D.N.Y. Dec. 5, 2019)..................................... 20

*McIntyre v. Am. Honda Motor Co.*,
    739 F. Supp. 3d 776 (C.D. Cal. 2024) ................................................ 14

*Meyers v. McDonalds USA*,
    2024 WL 5182204 (C.D. Cal. Oct. 3, 2024) ....................................... 10

*Moon v. Cnty. of Orange*,
    2019 WL 8108730 (C.D. Cal. Nov. 4, 2019) ...................................... 18

*Nada Pac. v. Power Eng'g & Mfg., Ltd.*,
    73 F. Supp. 3d 1206 (N.D. Cal. 2014)................................................. 15

v

*Novin v. Cook*,
   2015 WL 3488559 (N.D. Cal. June 2, 2015) ......................................... 21

*Pels v. Keurig Dr. Pepper*,
   2019 WL 5813422 (N.D. Cal. Nov. 7, 2019) ........................................... 5

*Pepka v. Kohl's Dep't Stores*,
   2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) ...................................... 18

*Peviani v. Hostess Brands*,
   750 F. Supp. 2d 1111 (C.D. Cal. 2010) .................................................. 4

*Ramos v. Wells Fargo Bank, N.A.*,
   2023 WL 5310540 (S.D. Cal. Aug. 17, 2023) ...................................... 16

*Resnick v. Hyundai Motor Am.*,
   2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ...................................... 11

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ................................................................. 8

*Sanders v. Apple*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ...................................... 16, 17, 18

*Sotomayor v. Bank of Am., N.A.*,
   377 F. Supp. 3d 1034 (C.D. Cal. 2019) ............................................... 20

*Turner v. Porsche Cars N. Am.*,
   2023 WL 8788754 (C.D. Cal. Dec. 19, 2023) ...................................... 14

*UMG Recordings v. Glob. Eagle Ent.*,
   117 F. Supp. 3d 1092 (C.D. Cal. 2015) ............................................... 14

*Xavier v. Philip Morris USA*,
   787 F. Supp. 2d 1075 (N.D. Cal. 2011) ............................................... 19

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 1125 ............................................................................................ 4

Fed. R. Civ. P. 12(f) ..................................................................................... 16

Fed. R. Civ. P. 23(a)(3) ............................................................................... 18

Fed. R. Civ. P. 23(a)(4) ............................................................................... 19

vi

Cal. Bus. & Prof. Code § 17204 .................................................................. 13

Cal. Bus. & Prof. Code §§ 17500 *et seq.* ..................................................... 4

Cal. Code Regs. Tit. 22, § 76000 ............................................................... 12

Cal. Code Regs. Tit. 22, § 76667 ............................................................... 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT OR, IN THE
ALTERNATIVE, TO STRIKE THE CLASS ALLEGATIONS

**PRELIMINARY STATEMENT**

Plaintiffs' Fourth Amended Complaint ("FAC"), like their Third Amended Complaint ("TAC"), continues to be premised on allegations that "Madonna and her promoter Live Nation purposely and deceptively withheld informing ticket purchasers in the marketing of the concerts that Madonna would maintain a hot and uncomfortable temperature in the venue during her performances; Defendants should have disclosed this information to consumers before they purchased their tickets." FAC ¶ 2. Every court to have considered such allegations, including this one, has dismissed them. In November 2024, two Florida courts dismissed parallel claims, recognizing that "one's temperature preference is inherently subjective." This Court's May 20, 2025 Order Granting Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint (ECF No. 62) (the "Order") set forth in detail numerous fatal flaws in the TAC that required its dismissal in its entirety. Plaintiffs' fifth bite at the apple in the form of the FAC fares no better—it makes minimal, immaterial changes from the TAC that fail to cure its numerous fatal deficiencies.

First, the Order found the TAC failed to plausibly allege any cognizable injury traceable to the challenged conduct. Order at 4-5. In particular, the Court found the TAC relied on "bare assertions that Plaintiffs suffered 'damages,' became 'physically ill,' and suffered 'severe emotional distress,'" and "speculative" allegations that they "may be compelled to employ medical services and incur future medical expenses because of the 'damages.'" *Id.* Yet the FAC continues to rely on these same bare assertions and speculative allegations of injury. The FAC's allegation that "Plaintiff and members of the Class" suffered certain injuries—without specifying what purported injuries Plaintiffs themselves suffered as opposed to other putative class members—also ignores the Court's directive that named plaintiffs cannot "acquire standing 'through the back door of a class action' by relying on the standing of potential class members." *Id.* at 3.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE THE CLASS ALLEGATIONS

The FAC's FAL, UCL, and negligent misrepresentation claims should also be dismissed for the same reasons the Court dismissed them in the TAC.  The FAC still does not allege that Defendants made any representations about the temperature of the venues.  Nor does it adequately allege that Defendants had a duty to disclose that the venues would be "hot and uncomfortable."  Moreover, the Court found in its Order: "Above all, Plaintiffs fail to satisfy Rule 9(b) as they fail to 'allege with sufficient specificity the who, what, when, where of Defendants' fraudulent concealment."  Order at 8.  Yet the FAC makes no attempt to remedy this fatal defect.

Plaintiffs' remaining negligence and negligent infliction of emotional distress ("NIED") claims similarly fail for the same reasons set forth in the Order.  First, in re-pleading their cause of action for NIED, Plaintiffs have simply ignored the Court's directive that "there is no independent tort of negligent infliction of emotional distress.  The tort is negligence." *Id.*  As to the negligence claim, the FAC continues to allege that "Defendants had a duty 'to ensure that the premises did not present a danger to Plaintiffs and the Class,'" while failing to allege that they breached that duty.  *See id.* at 9.  And it continues to plead only vague and speculative physical injuries as to the named Plaintiffs, all of which requires dismissal of the claim.  *Id.*

Plaintiffs have now had five opportunities to plead their claims, including with the benefit of the guidance provided in the Court's Order.  Yet, Plaintiffs continue to fail to state a claim and lack Article III standing. The FAC should therefore be dismissed in its entirety with prejudice.

Beyond the FAC's substantive flaws, it is also improperly styled as a putative class action on behalf of anyone who bought a ticket or became a ticketholder for Madonna's Celebration Tour concerts at the Kia Forum and were "subject to a hot and uncomfortable temperature." The FAC does not explain what constitutes a "hot and uncomfortable temperature," and by whose standards this would be measured.  In all events, this class definition would include concertgoers who did not purchase their

own tickets, did not see or rely on any representations or omission by Defendants, were satisfied with their experience and the venue temperature, and suffered no injury. Plaintiffs' own allegations confirm they are not typical of the broad class of individuals they seek to represent, and determining whether any given putative class member was deceived or harmed, and if so how and to what extent, would necessarily involve individual assessments that cannot be made on a class-wide basis.

## FACTUAL BACKGROUND

Madonna is "one of the premier performers of the past 40 years."  FAC ¶ 1. She commenced her Celebration Tour concert in October 2023, which included 46 concerts in 25 cities in North America alone. *Id*. ¶ 1 n.1.  Defendants advertised that Madonna would appear for those concerts, including at the Kia Forum in Inglewood, California. *Id.* ¶ 1.  Plaintiff Justen Lipeles alleges that on or about March 6, 2024 he purchased four tickets to attend Madonna's Celebration Tour concert at the Kia Forum the next night, March 7, and that he attended that concert (the "March 7 Concert"). *Id.* ¶¶ 27-30.  The FAC does not allege whether the other four named plaintiffs purchased tickets to a Celebration Tour concert and, if so, which concert and on which date.

Plaintiffs do not allege that Madonna failed to appear and perform.  Nor do they allege that Defendants made any representations or promises regarding the temperature at the concerts. Instead, they allege Defendants deceptively advertised the Kia Forum concerts and Plaintiffs were injured because Defendants did not disclose that the venue would be "hot and uncomfortable." *Id.* ¶ 2.  The FAC vaguely alleges that "Plaintiff and members of the Class were profusely sweating and became physically ill because of the heat, including but not limited to nausea, vomiting, dizziness, fainting, vertigo, and anxiety/panic attacks" (*id.* ¶ 31), but does not allege whether Plaintiffs themselves suffered any of these conditions and, if so, which ones. Nor does it allege that Plaintiffs sought medical attention, or even that they left the

concerts early due to their alleged discomfort or any physical illness.  It also does not plead how hot the venue allegedly was, or that any of the named Plaintiffs attended any Celebration Tour concert at the Kia Forum other than the March 7 Concert (which Lipeles alleges he attended).[1]

On this basis, Plaintiffs assert claims for false advertising under Cal. Bus. & Prof. Code §§ 17500 *et seq.* (FAL), violation of California's Unfair Competition Law (UCL), negligent misrepresentation, negligent infliction of emotional distress, and negligence.[2]  Plaintiffs seek to represent a class of everyone "who purchased a ticket or tickets or who became a ticketholder to a concert that was to have been performed by Madonna, as part of the Celebration Tour, within The Kia Forum and were subject to a hot and uncomfortable temperature in any of the venues during her performances."  FAC ¶ 20.

## ARGUMENT

## I.    THE FAC SHOULD BE DISMISSED UNDER RULE 12(B)(1)

### A.    Rule 12(b)(1) Legal Standard

A Rule 12(b)(1) motion challenges a court's subject matter jurisdiction to hear the plaintiff's claims.  If a plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed.  *See Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007).  To establish Article III standing, a plaintiff must show that she: (1) has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or

---

[1] The Celebration Tour included five tour dates at the Kia Forum.  Lipeles alleges he attended only one of these dates.

[2] While the FAC alleges that Defendants' actions constitute negligence per se and a violation of the CLRA, it does not assert these causes of action.  *See* FAC ¶¶ 39, 79, 37-86; *see also* Order at 8 n.3.  Similarly, the FAC states that the Second Cause of Action for "False Advertising" is brought pursuant to "Business & Professions Code §§ 17500 *et seq.*" but then proceeds to cite the federal Lanham Act, 15 U.S.C. § 1125.  *See id.* ¶¶ 51-58.  Consumers do not have standing to bring claims under the Lanham Act.  *See Peviani v. Hostess Brands*, 750 F. Supp. 2d 1111, 1120 (C.D. Cal. 2010).  Defendants therefore treat this Cause of Action as being brought under the FAL.

hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, not merely speculative, that the injury will be redressed by a favorable decision. *Friends of Earth v. Laidlaw Env't Servs. (TOC)*, 528 U.S. 167, 180-81 (2000). A "plaintiff's alleged injury must be supported by more than conclusory statements unsupported by specific facts." *Pels v. Keurig Dr. Pepper*, 2019 WL 5813422, at *4 (N.D. Cal. Nov. 7, 2019). Standing is a threshold question, and plaintiff bears the burden of establishing it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

### B.    Plaintiffs Fail to Plausibly Allege Any Cognizable Injury Fairly Traceable to the Challenged Conduct

The Order found the TAC was "replete with bare assertions that Plaintiffs suffered 'damages,' 'became 'physically ill,' and suffered 'severe emotional distress,'" which were insufficient to allege a concrete and particularized injury in fact for Article III standing. Order at 4. Yet the FAC continues to largely rely on these very same conclusory allegations. *See, e.g.* FAC ¶¶ 31, 50, 63, 73. Such "conclusory statements unsupported by specific facts" do not suffice to allege a concrete and particularized injury-in-fact for Article III standing. *Pels*, 2019 WL 5813422, at *4; *see also Holcomb v. Cal. Bd. of Psych.*, 2016 WL 3126127, at *3 (E.D. Cal. June 3, 2016) (no standing where complaint alleged "significant economic damages," "severe harm," and "severe psychological damages").

The FAC's sole additional allegation of injury is its assertion that "Plaintiff and members of the Class were profusely sweating and became physically ill because of the heat, *including but not limited to nausea, vomiting, dizziness, fainting, vertigo, and anxiety/panic attacks*." FAC ¶ 31 (emphasis added). This allegation is insufficient to confer standing for multiple reasons. First, each of these enumerated conditions is a symptom of dehydration, which Plaintiffs previously claimed they

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT OR, IN THE
ALTERNATIVE, TO STRIKE THE CLASS ALLEGATIONS

experienced at the concerts.  ECF. No. 54 at 7.[3]  Self-inflicted injuries, such as those resulting from choosing not to drink enough water at a concert, "are, by definition, not traceable to anyone but the plaintiff," and fail to satisfy the traceability requirement for Article III standing.  *See, e.g.*, *Garland v. Orlans, PC*, 999 F.3d 432, 441 (6th Cir. 2021) (allegations of anxiety over potential foreclosure "is not traceable to anyone but [plaintiff]," because "*he* chose not to pay his debts"); *see also* ECF No. 55 at 9.

In any event, the FAC's carefully worded assertion that "***Plaintiff and members of the Class*** were profusely sweating and became physically ill because of the heat, ***including but not limited to*** nausea, vomiting, dizziness, fainting, vertigo, and anxiety/panic attacks" does not adequately plead that the named Plaintiffs themselves suffered from the specified conditions.  FAC ¶ 31 (emphasis added).  This allegation (like the TAC) pleads that Plaintiffs and members of the class were sweating and became "physically ill," but fails to plead whether the named Plaintiffs themselves experienced "nausea, vomiting, dizziness, fainting, vertigo, and anxiety/panic attacks," or whether these are merely examples of conditions that Plaintiffs and their counsel "based upon information and belief" think that other unspecified putative class members may have experienced.  *See id.* at 2 (stating all allegations in the FAC "are based upon information and belief except for those allegations which pertain to the Plaintiffs named herein and his counsel").  Nor would it be plausible that each of the named Plaintiffs and all members of the putative class suffered all of the enumerated conditions.  *See Friedman v. Cavalry Portfolio Servs.*, 675 F. Supp. 3d 300, 304-05 (E.D.N.Y. 2023) (finding allegations of "fear, anxiety, stress, increased heartrate, and difficulty with sleep" by numerous plaintiffs

---

[3] "[S]tatements of fact contained in a brief may be considered admissions of the party . . . ."  *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226–27 (9th Cir.1988); *Jackson v. City of Inglewood*, 2009 WL 699948, at *2 n.4 (C.D. Cal. Mar. 12, 2009) (considering statements made in opposition to motion to dismiss prior complaint).

implausible and insufficient to confer standing, noting "[i]f one were to treat the allegations as factual, there is a remarkable uniformity of injury"); *see also Heinen v. Royal Caribbean Cruises Ltd.*, 806 F. App'x 847, 849-50 (11th Cir. 2020) (affirming dismissal of complaint where "[t]he only specific factual support for the appellants' threadbare allegations of harm comes in a combined paragraph listing what seems to be every possible injury imaginable" without identifying which plaintiff suffered which injury, noting "[s]urely each appellant did not suffer *every* injury listed in the kitchen-sink paragraph").  Any allegation that the named Plaintiffs suffered these conditions also would not be plausible given Plaintiffs do not allege they left the concert early (and Plaintiff Justen Lipeles has publicly admitted he did not).

Thus, at best, the FAC alleges that the named Plaintiffs were sweating and "physically ill"—which the Court has already found insufficient for Article III standing (Order at 4)—and some unspecified members of the class may have experienced "nausea, vomiting, dizziness, fainting, vertigo, and anxiety/panic attacks."  However, as the Court recognized in its Order, named plaintiffs cannot acquire standing "'through the back door of a class action' by relying on the standing of potential class members."  Order at 3 (citing and quoting *Allee v. Medrano,* 416 U.S. 802, 829 (1974)).

Notably, Plaintiffs still do not allege they sought medical attention as a result of any alleged "physical illness," or "severe emotional distress."  Instead, they assert that, as a result of being "uncomfortably hot" at a concert for a few hours over a year ago, "Plaintiffs and the Class were or might be compelled to employ the services of hospitals, physicians and surgeons, nurses, and the like, to care for and treat them, and may incur future hospital, medical, professional and incidental expenses."  FAC ¶ 64.  These vague and speculative assertions (also not limited to the named Plaintiffs) again confirm the conjectural and hypothetical nature of Plaintiffs' allegations of "physical illness" and "severe emotional distress."  *See* Order at 4; *see also Crane v.*

1    *U.S. Nuclear Regul. Comm'n*, 344 F. App'x 316, 317 (9th Cir. 2009) (plaintiff's

2    asserted injury that "he *may* be subjected to [medical] treatment" in future was "just

3    the sort of hypothetical controversy over which [the court] lack[s] jurisdiction").

4    And, as courts have recognized, "mere discomfort, . . . no matter how sharply felt, is

5    insufficient to confer standing." *Keepers v. City of Milford*, 807 F.3d 24, 43 (2d Cir.

6    2015).

7        Beyond its conclusory allegations, Plaintiffs also still do not plausibly allege

8    any economic injury fairly traceable to the challenged conduct.  Rather, the FAC, like

9    the TAC, alleges that Defendants advertised that Madonna would appear for a series

10   of concerts as part of her Celebration Tour, Justen Lipeles purchased four tickets for

11   the March 7, 2024 concert at the Kia Forum, and he attended that concert.  FAC ¶¶ 1,

12   27-30.  Notwithstanding the Court's clear guidance that "an allegation that Plaintiffs

13   'would not have bought a product but for the purported misrepresentation has been

14   found to be an economic injury sufficient to create standing'" (Order at 5), the FAC

15   tellingly still contains no such allegation.  Nor does Lipeles allege he had to leave the

16   concert early.  To the contrary, in a television interview regarding this lawsuit, he

17   acknowledged he did not.  Ex. 3 at 2:49.[4]  Lipeles thus "receive[d] the benefit of his

18   bargain [and] has not suffered Article III injury-in-fact traceable to the [D]efendant's

19   conduct."  *Lee v. Toyota Motor Sales, U.S.A.*, 992 F. Supp. 2d 962, 972 (C.D. Cal.

20   2014).  As to the other named Plaintiffs, the FAC contains no factual allegations that

21   they even purchased tickets to the concerts at issue, much less that they suffered any

22   economic injury fairly traceable to the challenged conduct.  *See* FAC ¶¶ 32-36.

23

24

25   [4] All exhibits are attached to the accompanying June 20, 2025 Declaration of Q.
     Jennifer Yang.  In resolving a factual attack on subject matter jurisdiction under Rule
26   12(b)(1), "the district court may review evidence beyond the complaint without
     converting the motion to dismiss into a motion for summary judgment." *Safe Air for*
27   *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

28

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT OR, IN THE
ALTERNATIVE, TO STRIKE THE CLASS ALLEGATIONS

1    All of Plaintiffs' claims should therefore be dismissed in their entirety for lack

2    of Article III standing.

3    **C.    Plaintiffs Lack Standing to Assert Claims Based on Concerts Other Than the March 7 Concert**

4    The Order held that "Plaintiffs do not have standing (even if a cognizable harm

5    was pleaded) to bring claims related to any other concert besides the one that Plaintiffs

6    attended at the Kia Forum."  Order at 5; *see also id.* at 11 ("the Court does not grant

7    leave to amend Plaintiffs' standing as to concerts they did not attend").    The

8    Celebration Tour included five dates at the Kia Forum.  The only concert any named

9    Plaintiff claims to have attended is the March 7 Concert.  FAC ¶¶ 27-30.  Yet

10   Plaintiffs purport to bring claims on behalf of all ticket purchasers or ticketholders to

11   any Celebration Tour concert at the Kia Forum.  *Id.* ¶ 20.  Consistent with the Order,

12   all claims related to concerts other than the March 7 Concert should be dismissed on

13   this independent basis also.

14   **II.    THE FAC SHOULD BE DISMISSED UNDER RULE 12(B)(6)**

15   **A.    Rule 12(b)(6) Standard**

16   A complaint must be dismissed under Rule 12(b)(6) if it fails to state a

17   cognizable legal theory, to allege sufficient facts to support a legal theory, or if it does

18   not offer enough facts to state a plausible claim for relief.  *Bell Atl. v. Twombly*, 550

19   U.S. 544, 558-59 (2007).  A claim is implausible "where the well-pleaded facts do

20   not permit the court to infer more than the mere possibility of misconduct."  *Ashcroft*

21   *v. Iqbal*, 556 U.S. 662, 679 (2009).  Facts that are "merely consistent" with a

22   defendant's liability cannot survive a motion to dismiss, and "[t]hreadbare recitals of

23   the elements of a cause of action, supported by mere conclusory statements, do not

24   suffice."  *Id.* at 678.  Only after the complaint has been "[t]rimmed of 'legal

25   conclusions' and 'threadbare recitals of a cause of action'" does the court determine

26   whether it "contains sufficient factual allegations to state a plausible entitlement to

27

28

9

relief." *Eclectic Props. E. v. Marcus & Millichap*, 751 F.3d 990, 998 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Moreover, because Plaintiffs accuse Defendants of engaging in "deceptive" conduct sounding in fraud (*see, e.g.*, FAC ¶¶ 1-5), the FAC is subject to Rule 9(b)'s heightened pleading requirements. *See, e.g.*, *Kearns v. Ford Motor*, 567 F.3d 1120, 1125 (9th Cir. 2009).

### B.    Plaintiffs' FAL, UCL, and Negligent Misrepresentation Claims Fail on Numerous Independent Grounds

#### 1.  The FAC Does Not (and Cannot) Allege a Duty to Disclose

Plaintiffs' FAL, UCL, and negligent misrepresentation claims continue to be premised on the assertion that Defendants "withheld informing ticket purchasers in the marketing of the concerts that Madonna would maintain a hot and uncomfortable temperature in the venue during her performances."    FAC ¶ 2.    As the Court recognized in its Order, for an omission-based claim to be actionable under California consumer protection laws, that omission "must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."  Order at 7; *see also Meyers v. McDonalds USA*, 2024 WL 5182204, at *12 (C.D. Cal. Oct. 3, 2024) (dismissing negligent misrepresentation by omission claim for failure to establish duty to disclose).

The FAC, like the TAC, does not allege that the alleged omission was contrary to any representation actually made by Defendants.  Not does it adequately allege a duty to disclose that the venue would be "hot and uncomfortable."  To start, the FAC simply ignores the Order's directive that "for a fraud by omission claim under California's consumer protection laws, the omitted fact 'must relate to the central functionality of the product [or service].'"  Order at 8 (quoting and citing *Hall v. SeaWorld Ent.*, 747 F. App'x 449, 451 (9th Cir. 2018)).  As the Order recognized, the alleged omission at issue "concerns a subjective preference, 'which does not relate to the central functionality of' the service at issue."  *Id.*; *see also Marmolejo v. Ciccone*

10

*et al.,* Case No. 2024-128876-SP-05 (Fla. Miami-Dade Cnty. Ct. Nov. 12, 2024), Ex. 1 ¶¶ 37-38 (finding "one's temperature preference is inherently subjective," and dismissing claims that defendants failed to disclose that concerts would be "uncomfortably hot"); *Casanova v. Ciccone et al.*, Case No. 2024-125126-SP-05 (Fla. Miami-Dade Cnty. Ct. Nov. 13, 2024), Ex. 2 ¶¶ 25-27 (same). The FAC does not and cannot plead otherwise.

Plaintiffs' claims also separately fail because the FAC does not adequately allege, as is required for a duty to disclose, "that the defendant (1) is in a fiduciary relationship with the plaintiff; (2) had exclusive knowledge of material facts not known to the plaintiff; (3) actively conceals a material fact from the plaintiff; or (4) makes partial representations but also suppresses some material fact." *Kingston v. FCA US*, 2019 WL 7753446, at *5 (C.D. Cal. Dec. 10, 2019). The FAC does not allege a fiduciary relationship with Defendants or any relevant "partial representations." Nor does the FAC plausibly allege that Defendants "had exclusive knowledge" or "actively conceal[ed]" any material facts. The FAC's conclusory assertions to this effect (FAC ¶ 40) are contradicted by Plaintiffs' own allegations. As the Court has already found, the TAC's allegation that Madonna has "a history of requiring a hot, uncomfortable temperature during her concerts" calls exclusivity into question, and is contrary to any purported misrepresentation or a duty to disclose. Order at 5 & 7 n.2. The TAC also alleged that during a 2019 Florida concert Madonna stated "I'm cold!" (TAC ¶ 3), demonstrating that Defendants did not have "knowledge" at all that the temperatures at the concerts were "hot and uncomfortable," and in fact believed they were at times too cold. *See Resnick v. Hyundai Motor Am.*, 2017 WL 1531192, at *13-19 (C.D. Cal. Apr. 13, 2017) (dismissing omission-based claims where plaintiffs did not plausibly allege defendants knew of the alleged defect at the time of plaintiffs' purchase).[5] The FAC's

---

[5] While the FAC deletes these allegations to attempt to avoid dismissal, "[a] party cannot amend pleadings to 'directly contradict an earlier assertion made in the same

1  new allegations that Madonna made "comments at the start of the [March 7] concert

2  about not wanting the air conditioner to be on" and that Plaintiff Lipeles was able to

3  discover through his research that Madonna allegedly "required her staff to maintain

4  a hot, uncomfortable temperature during her concerts" (FAC ¶¶ 33-34) further

5  confirm that Defendants neither "actively conceal[ed]" nor had "exclusive

6  knowledge" of these purported facts.

7      For these and other reasons, the FAC's newly added conclusory allegations that

8  "the absence of air conditioning is a material fact" and the "lack of air conditioning

9  created a duty to disclose" (FAC ¶¶ 40-43) are irrelevant and incorrect.  The law

10  simply does not impose a duty on all premises to disclose whether the air conditioning

11  (or heat) will be on at any given time.[6]  The FAC also still does not plead a factual

12  basis for its conclusory (and false) assertion that there was no air conditioning at the

13  venue during the March 7 Concert.   Its vague allegation that Madonna made

14  "comments at the start of the concert about not wanting the air conditioner to be on"

15  without specifying what those comments were fails to satisfy Rule 9(b), and in any

16  event, does not demonstrate the air conditioning was actually off throughout the venue

17  (and it was not).  But more fundamentally, as another court recognized in rejecting

18  mirror-image claims, regardless of whether or the extent to which air conditioning

19  was running, Plaintiffs' claims are "still based on the plaintiff feeling hot, no matter

---

20  proceeding.'"  *Airs Aromatics v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595,

21  600 (9th Cir. 2014); *see also, e.g.*, *Haney v. Htay*, 2017 WL 4699851, at *5 (E.D. Cal.

22  Oct. 19, 2017) (dismissing claims where "the version of events alleged in the FAC

23  omit some key pieces of information which are revealed in the exhibits to Plaintiff's

24  original Complaint"), *aff'd*, 719 F. App'x 719 (9th Cir. 2018); *Colmenares v. Paedae,

25  Inc.*, 2022 WL 656116, at *1 n.1 (C.D. Cal. Feb. 7, 2022) (factual details from original

26  Complaint that were omitted from amended pleading constitute judicial admissions).

27  [6] The FAC cites California Code of Regulations § 76667 for the proposition that

28  "California regulations require heating, air conditioning, and ventilation systems to

be maintained in normal operating conditions" (FAC ¶ 41), but does not allege that

the venue's systems were not maintained.  Moreover, that regulation has nothing to

do with a duty to disclose, and governs the operation of intermediate care facilities

serving the developmentally disabled, ***not*** concert venues or other premises.  *See* Cal.

Code Regs. Tit. 22, § 76000.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT OR, IN THE
ALTERNATIVE, TO STRIKE THE CLASS ALLEGATIONS

what led to that feeling," and such a subjective feeling-based claim is not actionable as a matter of law.  Ex. 2 ¶ 27.

### 2. Plaintiffs' Allegations Fail to Satisfy Rule 9(b)

The Order held that Plaintiffs' FAL, UCL, and negligent misrepresentation claims should be dismissed because "[a]bove all, Plaintiffs fail to satisfy Rule 9(b) as they fail to 'allege with sufficient specificity the who, what, when, where of [Defendants'] fraudulent concealment."  Order at 8 (citing and quoting cases).  The FAC makes no attempt to remedy this fatal defect.

Plaintiffs still "do not allege that they reviewed or were exposed to *any* information [or] advertisements" by Defendants.  *Davidson v. Apple*, 2017 WL 976048, at *10 (N.D. Cal. March 14, 2017) (dismissing fraudulent omission claims for failure to plead with particularity).  With regards to Plaintiff Lipeles, the FAC again states only that he purchased four tickets on or about March 6, 2024 to attend the March 7 Concert.  FAC ¶ 27.  With respect to the other four named Plaintiffs, the FAC again contains no factual allegations whatsoever, and "does not even provide the date on which [they] made [their] purchase[s]" or the date or venue of the concerts they allegedly purchased tickets for.  *Davidson*, 2017 WL 976048, at *10.  Plaintiffs' omission-based claims should once again be dismissed on this basis also.

### 3. The FAC Fails to Plead that the Alleged Omissions Caused Plaintiffs Injury or Resulting Damage

Private individuals can pursue UCL claims "only if they have 'suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition.'"  *Hall*, 747 F. App'x at 452 (quoting Cal. Bus. & Prof. Code § 17204).  Similarly, "resulting damage" is an essential element of a claim for negligent misrepresentation and, under the FAL, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, *i.e.*, economic injury, and (2) show that that economic injury was the result of, *i.e.*, caused by, the unfair business practice or false advertising that is the gravamen of the claim."  *McIntyre v. Am. Honda Motor Co.*,

13

739 F. Supp. 3d 776, 802 (C.D. Cal. 2024); *UMG Recordings v. Glob. Eagle Ent.*, 117 F. Supp. 3d 1092, 1111 (C.D. Cal. 2015). *See also Turner v. Porsche Cars N. Am.*, 2023 WL 8788754, at *6 (C.D. Cal. Dec. 19, 2023) (allegation that vehicle's heating system stopped working and plaintiff was "'uncomfortable' when driving in the cold winter months" was insufficient to confer statutory standing under UCL and FAL).

The FAC does not allege Plaintiffs suffered *any* economic injury as a result of the alleged failure to disclose that the venues would be "hot and uncomfortable." *See* Section I.B. Plaintiffs' UCL, FAL, and negligent misrepresentation claims must be dismissed on this basis also.

### C. Plaintiffs' Negligence and NIED Claims Fail for the Same Reasons Set Forth in the Order

#### 1. The NIED Claim Should Be Dismissed as Duplicative

As the Court noted in its Order, "there is no independent tort of negligent infliction of emotional distress. The tort is negligence." Order at 8 (citing cases). Yet the FAC continues to assert a separate cause of action for NIED. FAC ¶¶ 59-64. That cause of action should again be dismissed as duplicative.

#### 2. Plaintiffs Fail to Adequately Plead Negligence

To state a claim for negligence, a plaintiff must allege that (1) the defendant owed a duty to the plaintiff, (2) defendant breached that duty, and (3) the breach proximately caused injury to plaintiff. *See* Order at 8.

The FAC contains no new factual allegations to support its cause of action for negligence or address the fatal deficiencies identified in the Order. *Compare* FAC ¶¶ 65-73 and TAC ¶¶ 80-88; Order at 8-9. Once again, the FAC alleges that Defendants had a duty "to ensure that the premises did not present a danger to Plaintiffs and the Class" (FAC ¶ 70), and breached that duty "by failing to use the air conditioner and ventilation system within the building to make the area safe" (*id.* ¶ 71). Plaintiffs once again do not plead any factual basis for this bald assertion that

14

Defendants failed to use the air conditioner and ventilation system at the venue (and that assertion is false). But even taking these allegations as true, the FAC fails to plausibly allege that the premises presented "a danger to Plaintiffs and the Class," particularly for a concert that took place during an evening in early March. *See* Order at 9 ("It is not clear, however, that failure to use the system equates to a dangerous premises."). The FAC does not allege how hot the venue was or that it reached dangerous temperatures. Nor could Plaintiffs do so, and any such allegation would be belied by the fact that Plaintiffs do not allege they left the concert early or that they (or Madonna and her dancers performing on-stage, or the thousands of other concertgoers) sought medical attention as a result of the temperature at those venues.

Moreover, Plaintiffs fail to adequately allege any injury proximately caused by the alleged breach. *See* Section I.B; Order at 9.

Plaintiffs have thus failed to state a claim for negligence.

### 3. Plaintiffs' Negligence Claims Also Fail Under the Economic Loss Rule

Plaintiffs' negligence claims also separately fail because they are barred under the economic loss rule. The economic loss rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise. . . . Under the rule, a plaintiff may recover in tort only where he or she can allege personal injury or damage to [] property." *Nada Pac. v. Power Eng'g & Mfg., Ltd.*, 73 F. Supp. 3d 1206, 1221 (N.D. Cal. 2014). As set forth above, the FAC at best alleges that certain unidentified class members "upon information and belief" may have experienced "nausea, vomiting, dizziness" and other conditions (FAC ¶ 31), while the allegations as to the named Plaintiffs are limited to conclusory assertions that they became "physically ill" and suffered "severe emotional distress." *See* Section I.B; FAC ¶¶ 31, 63. "[C]onclusory allegations devoid of factual support like this are not enough to support a claim for non-economic damages." *Ramos v. Wells Fargo Bank, N.A.*, 2023

15

WL 5310540, at *3 (S.D. Cal. Aug. 17, 2023); *see also* Order at 9 ("the TAC only pleads speculative physical injuries [] which is not sufficient for negligence damages"); *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1039 (N.D. Cal. 2021) (bare assertion of "personal injury" and "mental suffering" insufficient for non-economic damages).

### D.    The FAC Fails to Plead Any Facts as to Plaintiffs Kevin Gammon, Claudia Benitez, Edward Hakobjanyan and Marcela Veronica Najera

While the FAC identifies five named plaintiffs, the *only* one of these plaintiffs for which it includes even barebones factual allegations is Justen Lipeles. As to the remaining four named plaintiffs, the FAC alleges no facts whatsoever, aside from its general allegations about "Plaintiffs" (and even there the FAC often refers only to "Plaintiff" in the singular, often making it impossible for Defendants to discern which Plaintiff the allegations are referring to). *See generally* FAC. Each Plaintiff is required under Rule 8 "to ensure that the complaint alleges sufficient facts pertinent to himself or herself that support each claim . . . ." *Buhecker v. Delta Airlines*, 2016 WL 1643789, at *2 (D. Nev. Apr. 25, 2016). All claims asserted on behalf of the other four named Plaintiffs should be dismissed on this basis also.

### III.    IF ANY PART OF THE FAC SURVIVES, THE COURT SHOULD STRIKE ITS CLASS ALLEGATIONS

### A.    Legal Standard for Motion to Strike Class Allegations

"Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); Fed. R. Civ. P. 12(f). Indeed, the Supreme Court has made clear that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Consequently, California courts have granted motions to strike at the pleading stage where, like here, the class allegations are

16

plainly not viable.  *See, e.g.*, *Brown v. Nano Hearing Tech Opco*, 2024 WL 3367536, at *8 (S.D. Cal. July 9, 2024); *Garcia v. Williams Scotsman*, 2024 WL 3811267, at *10 (C.D. Cal. Aug. 13, 2024).

"Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Ismail v. Am. Airlines*, 2023 WL 5504932, at *2 (C.D. Cal. July 14, 2023).  The Court should exercise that discretion here.

### B.  The Complaint's Class Allegations Should Be Stricken Because the Proposed Class Could Never Be Certified

Plaintiffs seek to certify a nationwide class of all individuals who purchased a ticket or became a ticketholder to one of Madonna's Celebration Tour concerts at the Kia Forum and "were subject to a hot and uncomfortable temperature" during her performances.  FAC ¶ 20.  But beyond its barebone recitations of the Rule 23 requirements, the FAC makes no attempt to explain why class treatment would be appropriate.  *See generally id.* ¶¶ 21-26. The proposed class could never be certified for several reasons.

To start, "no class may be certified that contains members lacking Article III standing." *Sanders*, 672 F. Supp. 2d at 991.  "The class must therefore be defined in such a way that anyone within it would have standing." *Id.*  Plaintiffs' proposed class fails, as it includes:

- Concertgoers who never saw or relied on any advertising by Defendants, including ticketholders who did not purchase their own tickets;
- Concertgoers who did not leave the concerts early;
- Concertgoers who were content with the temperatures of the venue;
- Concertgoers who suffered no physical illness, injury or purported emotional distress;
- Concertgoers for whom the alleged misrepresentations and omissions were not material, and who would have bought their tickets regardless; and
- Concertgoers who were fully satisfied with their concert experience.

Plaintiffs' class definition is thus not limited to members who were deceived or injured.  This warrants striking the class allegations.  *See, e.g.*, *id.* (striking class

17

allegations where "definition necessarily includes individuals who did not purchase [the product-at-issue], individuals who either did not see or were not deceived by advertisements, and individuals who suffered no damages"); *Moon v. Cnty. of Orange*, 2019 WL 8108730, at \*7-8 (C.D. Cal. Nov. 4, 2019) (same where plaintiffs identified no cognizable harm to some putative class members).

Second, determining whether any putative class member was, in fact, deceived or injured necessitates highly individualized inquiries into: (1) the reasons each concertgoer bought their tickets and whether they relied on any representation or omission about venue temperature; (2) what the temperature was on each of the different concert nights at the Kia Forum, where each concertgoer was sitting in the venue; (3) each concertgoer's individual expectations about the venue temperature; (4) each concertgoer's personal temperature preferences; and (5) each concertgoer's personal experience at the concert, including whether they were dancing or doing anything else that may have contributed to them feeling hot or cold. Because individualized factual issues predominate, class treatment is not appropriate. *See, e.g.*, *Sanders*, 672 F. Supp. 2d at 991 ("If the proposed class were to be certified, the Court would be forced to engage in individual inquiries of each class member with respect to materiality of the statement, whether the member saw Apple's advertisements or visited Apple's website, and what caused the member to make the purchase."); *Pepka v. Kohl's Dep't Stores*, 2016 WL 8919460, at \*4 (C.D. Cal. Dec. 21, 2016) (striking class allegations where they "involve highly individualized inquiries"); *Am. W. Door & Trim v. Arch Specialty Ins.*, 2015 WL 1266787, at \*9 (C.D. Cal. Mar. 18, 2015) (same).

Third, to represent any putative class, Plaintiffs' claims must be "typical" of the class members' claims. Fed. R. Civ. P. 23(a)(3). "A class representative must [therefore] possess the same interest and suffer the same injury as the class members." *Brown*, 2024 WL 3367536, at \*8. Class membership "must be determined from

18

objective, rather than subjective, criteria" and cannot include requirements "that depend[] upon each putative class member's feelings and beliefs." *Xavier v. Philip Morris USA*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011). Temperature preferences are inherently subjective; what one person perceives as "hot and uncomfortable" may be comfortable, or preferable to someone else. *See also* Section II.B.1. As such, the very nature of Plaintiffs' claims makes typicality impossible to establish.

Plaintiffs here also are not "typical" for other reasons. For example, the TAC alleged that "members of the class" were "forced to leave the premises" because of the temperature. TAC ¶ 78. But Plaintiffs do not allege they left the concert early, and Justen Lipeles has publicly acknowledged he did not. *See* Ex. 3 at 2:49. Moreover, while the purported class is now limited to concertgoers who were supposedly injured by "a hot and uncomfortable temperature," the multiple iterations of Plaintiffs' complaint alleged *their* injuries arose from a host of other dissatisfactions also, including the time Madonna took the stage and the sexual nature of her performance. *See, e.g.*, ECF No. 1 ¶ 2. While Plaintiffs abandoned those allegations in the FAC, they are part of the record, and make clear Plaintiffs are not typical of the class they now seek to represent.

Finally, Rule 23 requires Plaintiffs to establish that the class representatives "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts therefore must determine whether the named plaintiffs and counsel have any conflicts of interest with the rest of the class. *Drimmer v. WD-40 Co.*, 343 F. App'x 219, 221 (9th Cir. 2009). Here, the primary class representative Justen Lipeles is not only the son of lead counsel for Plaintiffs, Kevin Lipeles, but is also a law clerk at his father's law firm, Lipeles Law Group, APC. Given this close familial and employment relationship, Justen Lipeles "would without a doubt be uniquely susceptible to questions as to whether this suit is brought for his own benefit, or for that of his [father's] firm." *Marotto v. Kellog*, 415 F. Supp. 3d 476, 481 (S.D.N.Y.

19

Dec. 5, 2019); *see also Drimmer*, 343 F. App'x 219 (affirming finding of inadequacy and denial of class certification where named plaintiff had close relationship with his attorney).

It is evident from the FAC that Plaintiffs' proposed class cannot be certified. If the Court does not dismiss this case outright, it should nonetheless strike the class allegations.

## C.    The Class Allegations as to the Negligence Claims Should Be Stricken for Additional Independent Reasons

The 1966 Advisory Committee Notes for Rule 23 explain that mass tort actions are "ordinarily not appropriate for a class action because of the likelihood that significant questions, not only of damages but of liability and defenses of liability, would be present, affecting the individuals in different ways." *See also Sotomayor v. Bank of Am., N.A.*, 377 F. Supp. 3d 1034, 1038 (C.D. Cal. 2019) ("Mass tort actions . . . do not—and generally cannot—meet the requirements of Rule 23, because there are typically significant variations in the plaintiffs' claims."). For example, in *Amchem Prods. v. Windsor*, 521 U.S. 591 (1997), the Supreme Court affirmed a finding that class certification was inappropriate for tort claims related to asbestos exposure. In doing so, the Court noted the "disparate questions undermining class cohesion in this case," including that "[s]ome class members suffer no physical injury" while others suffered from cancer and other diseases, and that class members would incur different medical expenses. *Id.* at 624.

The same concerns apply here, arguably with even greater force. In addition to the individualized issues identified in Section III.B above, some class members, even assuming they were warmer than they preferred, suffered no physical injury, and the forms of any alleged physical injury for others could vary widely from a mild headache to more severe conditions. The class allegations should be stricken as to the tort claims on these grounds also.

1

**CONCLUSION**

2          Defendants respectfully request that the FAC be dismissed with prejudice.

3   Plaintiffs have now had five opportunities to plead their claims, and have failed to do

4   so and failed to cure the deficiencies identified in the Order.  Nor can they do so,

5   making any further amendment futile.  *See, e.g.*, *Hall*, 747 F. App'x at 452 (affirming

6   denial of leave to amend where amendment would be futile); *Hitt v. Cardinal Health*

7   *100*, 2015 WL 13907064, at *2 (C.D. Cal. Jan. 20, 2015) (denying leave to amend

8   where plaintiffs failed to plead sufficient facts after two attempts); *Novin v. Cook*,

9   2015 WL 3488559, at *9 (N.D. Cal. June 2, 2015) (finding further amendment futile

10  and dismissing claim with prejudice where plaintiffs "fail[ed] to cure deficiencies by

11  amendments previously allowed").

12

13

14          Certificate of Compliance Per Civil L.R. 11-6.2:  The undersigned, counsel of

15  record for Defendants, certifies that this brief contains 6,993 words, which complies

16  with the word limit of L.R. 11.6-1.

17          Certificate of Compliance Per Civil L.R. 7-3: This motion is made following

18  the conference of counsel pursuant to L.R. 7-3 which took place on June 13, 2025.

19

20   Dated: June 20, 2025              **PROSKAUER ROSE LLP**
                                       SANDRA A. CRAWSHAW-SPARKS
21                                     ALYSON C. TOCICKI

22                                     JEFFREY H. WARSHAFSKY
                                       (admitted *pro hac vice*)
23                                     Q. JENNIFER YANG
                                       (admitted *pro hac vice*)
24

25

26                                     By: _____*/s/ Sandra A. Crawshaw-Sparks*_____
                                            Sandra A. Crawshaw-Sparks
27
                                       Attorneys for Defendants
28                                     MADONNA LOUISE CICCONE, et al.

21