UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:24-cv-04896-MWC-SSC                                         Date: July 28, 2025

Title   Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

Present: The Honorable:   Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order GRANTING WITH PREJUDICE Defendants' motion to dismiss (Dkt. [66]) JS-6**

Before the Court is a motion to dismiss or, in the alternative, to strike the class allegations filed by Defendants Madonna Louise Ciccone ("Madonna"), *et al.*, (collectively, "Defendants"). Dkt. # 66-1 ("*Mot.*"). Plaintiffs Justen Lipeles, Kevin Gammon, Claudia Benitez, Edward Hakobjanyan, and Marcela Veronica Najera (collectively, "Plaintiffs") opposed. Dkt. # 67 ("*Opp.*"). Defendants replied. Dkt. # 68 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **GRANTS WITH PREJUDICE** Defendants' motion to dismiss.

I.   Background

   A.   Factual Background

Plaintiffs bring this class action "on behalf of a nationwide class of consumers who were deceived and lulled into purchasing expensive tickets for a concert to be performed by" Madonna during her Celebration Tour that took place at the Kia Forum in Inglewood, California. Dkt. # 63 ("*FAC*"), ¶¶ 1, 20. The fourth amended complaint ("FAC") alleges as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04896-MWC-SSC                                      Date: July 28, 2025

Title    Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

On or about March 6, 2024, Plaintiffs[1] purchased four (4) tickets to attend Madonna's concert, during her Celebration Tour, at the Kia Forum in Inglewood on March 7, 2024.  *Id.* ¶ 27.  Plaintiffs were directed to obtain the e-tickets from Live Nation which, for purposes of the Celebration Tour, acted as a promoter, manager, and agent for Madonna.  *Id.* ¶ 28.  Plaintiffs arrived timely at the Kia Forum.  *Id.* ¶ 30.  The temperature inside the Kia Forum was uncomfortably hot because Madonna refused to allow the air conditioning to be turned on.  *Id.* ¶ 31.  Plaintiffs and members of the Class[2] were profusely sweating and became physically ill because of the heat, including but not limited to experiencing nausea, vomiting, dizziness, fainting, vertigo, and anxiety/panic attacks.  *Id.*

  B. <u>Procedural Background</u>

On June 10, 2024, Plaintiffs initiated this action.  *See* Dkt. # 1.  On March 21, 2025, Plaintiffs filed a third amended complaint ("TAC"), Dkt. # 41, which the Court dismissed with partial leave to amend after Defendants moved to dismiss, Dkt. # 62.  On June 6, 2025, Plaintiffs filed the FAC, asserting five claims: (1) negligent misrepresentation; (2) false advertising (Cal. Bus. & Prof. Code §§ 17500 *et seq.*); (3) negligent infliction of emotional distress; (4) negligence; and (5) unfair competition (Cal. Bus. & Prof. Code §§ 17200 *et seq.*).  *See FAC*.  Defendants now move to dismiss the FAC under Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).  *See Mot.*

---

[1]  While the FAC alleges purchases and attendance by a single "Plaintiff," the Court assumes that these allegations extend to all Plaintiffs.

[2]  The FAC defines the Class as: "All individuals, throughout the United States, who purchased a ticket or tickets or who became a ticketholder to a concert that was to have been performed by Madonna, as part of the Celebration Tour, within The Kia Forum and were subject to a hot and uncomfortable temperature in any of the venues during her performances." *FAC* ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-04896-MWC-SSC                                           Date: July 28, 2025

Title     Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

II.   Discussion

   A.   Standing

      i.   Legal Standard

A plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (citation omitted). The "irreducible constitutional minimum" of Article III standing has three elements: (1) the plaintiff must have suffered an "injury in fact," meaning a concrete and particularized injury that is actual or imminent; (2) the injury must be causally related to the defendant's challenged actions; and (3) it must be "likely" that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted); *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013). Article III standing bears on the court's subject matter jurisdiction and is therefore subject to challenge under Rule 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

Standing is also required in class actions, in which the named plaintiffs cannot rely on having been injured by "conduct of another kind, although similar, to which [plaintiffs have] not been subject." *Blum v. Yaretsky,* 457 U.S. 991, 999 (1982). Nor can named plaintiffs acquire standing "through the back door of a class action" by relying on the standing of potential class members. *Allee v. Medrano,* 416 U.S. 802, 829 (1974).

      ii.   Analysis

Defendants argue that (1) Plaintiffs fail to plausibly allege any cognizable injury traceable to the challenged conduct; and (2) Plaintiffs lack standing to assert claims based on concerts they did not attend. *Mot.* 6:3–8:24. The Court agrees and finds Defendants' first argument sufficient to dismiss the FAC.

Among other reasons, the Court previously dismissed the TAC on the basis that Plaintiffs had not shown that they have suffered an "injury in fact" as they did not allege concrete particularized injury that is actual or imminent. *See* Dkt. # 62. Like the TAC, the FAC is replete with bald assertions that Plaintiffs suffered "damages," became

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-04896-MWC-SSC                                            Date: July 28, 2025

Title   Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.*

"physically ill," and suffered "severe emotional distress."  *See generally FAC*.  Such "conclusory statements unsupported by specific facts" do not suffice to allege a concrete and particularized injury-in-fact for Article III standing.  *Pels v. Keurig Dr. Pepper, Inc.*, No. 19-CV-03052-SI, 2019 WL 5813422, at *4 (N.D. Cal. Nov. 7, 2019); *see also Holcomb v. California Bd. of Psychology*, No. 2:15-cv-02154-KJM-CKD, 2016 WL 3126127, at *3 (E.D. Cal. Jun. 3, 2016) (no standing where complaint baldly alleged "significant economic damages," "severe harm," and "severe psychological damages").

      The FAC, however, adds that "Plaintiff and members of the Class were profusely sweating and became physically ill because of the heat, *including but not limited to* nausea, vomiting, dizziness, fainting, vertigo, and anxiety/panic attacks."  *Id.* ¶ 31 (emphasis added).  These kitchen-sink allegations are insufficient as they are not traceable to Plaintiffs—that is, it is unclear whether Plaintiffs themselves suffered from the specified conditions, as opposed to unnamed putative class members.  *See Barajas v. Ashford TRS Walnut Creek LLC*, No. 20-CV-01676-CRB, 2021 WL 2711734, at *4 (N.D. Cal. July 1, 2021) ("Standing also requires that a plaintiff's injury is traceable to the defendant's conduct.  When pleading, a plaintiff does not need to show proximate causation, but just needs to demonstrate that their injury in fact is 'fairly traceable' to the challenged action."); *see also Heinen v. Royal Caribbean Cruises Ltd.*, 806 F. App'x 847, 849-50 (11th Cir. 2020) (affirming dismissal where plaintiffs' "threadbare allegations of harm [were in] a combined paragraph listing [which] seem[ed] to be every possible injury imaginable" without identifying which plaintiff suffered which injury, noting "[s]urely each appellant did not suffer every injury listed in the kitchen-sink paragraph").

      Moreover, the FAC alleges that Plaintiffs and the Class "were or might" be compelled to employ medical services and incur future medical expenses because of the "damages." *FAC* ¶ 64.  Not only does the FAC fail to specify whether Plaintiffs have previously employed medical services, but the FAC is also speculative to the extent Plaintiffs might employ such services.  *See Crane v. U.S. Nuclear Regul. Comm'n*, 344 F. App'x 316, 317 (9th Cir. 2009) (plaintiff's asserted injury that "he *may* be subjected to [medical] treatment" in future was "just the sort of hypothetical controversy over which [the court] lack[s] jurisdiction" (emphasis in original)).

      Accordingly, the Court **GRANTS** Defendants' motion to dismiss based on Plaintiffs' lack of standing.  Because it will not grant leave to amend, the Court refrains from analyzing Plaintiffs' claims under Rule 12(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-04896-MWC-SSC | Date: July 28, 2025 |
| Title  Justen Lipeles *et al.* v. Madonna Louise Ciccone *et al.* | |

B. <u>Leave to Amend</u>

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile.  *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Plaintiffs have already had ample opportunity to amend their claim, and they still have been unable to establish standing.  The FAC's additional threadbare allegation did not get any closer to tracing an injury to Plaintiffs; instead, it appears that Plaintiffs are trying to backdoor Article III standing through the Class members' standing (if any)—which is not allowed.  *See Allee,* 416 U.S. at 829.  Plaintiffs request leave to amend, but they do not disclose how amendment would cure any deficiencies.  *See Opp.* 9:9–17.  Considering Plaintiffs' failure to cure the deficiencies in their latest amended complaint and the lack of proposed amendment, the Court concludes that granting further leave to amend would be futile.  *See Verduzco v. Conagra Foods Packaged Foods, LLC*, No. 1:18-cv-01681-DAD-SKO, 2021 WL 2322522, at *9 (E.D. Cal. June 7, 2021); *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

III. <u>Conclusion</u>

For the reasons set forth above, the Court **GRANTS WITH PREJUDICE** Defendants' motion to dismiss.  This order closes the case.  JS-6.

**IT IS SO ORDERED.**

| | : |
|---|---|
| | **Initials of Preparer**   TJ |